### BARRETT *et al. v.* TEWKSBURY AND WIFE.

A STATEMENT on appeal must specify the grounds on which the appellant relies. The questions of law and fact raised must be distinctly set forth, accompanied with only so much of the evidence as may be necessary to show their pertinency and materiality.

There is no distinction as to the manner in which a statement is to be prepared, between a case at law and a case in equity.    The grounds of appeal must, in both cases, be stated; and in both cases, much, if not the greater portion of the evidence, will be immaterial for the determination of these grounds in the Supreme Court.

Where a statement does not contain any specification of the grounds of appeal, it will be regarded as a mere transcript of testimony, and will not be noticed.

There may be some cases of equitable relief, where the general ground of appeal will be that the decree is not warranted by the evidence.    Still, in the majority of cases, this general ground will be subject to more particular specification.

The proper practice, on this point, stated.

APPEAL from the Fourth District.

The facts of the case are not stated, because, the opinion being put on a point of practice, the merits were not discussed, though in fact decided.

*Wm. H. Clark*, for Appellants.

*John McHenry*, for Respondents.

1. The law requires that when the party who has the right to appeal, wishes a statement of the case to be annexed to the record of the judg-

Barrett *v.* Tewksbury.

ment, he shall, within twenty days after the entry of such judgment, prepare such statement, which shall contain the grounds upon which he intends to rely on the appeal, and so much of the evidence as may be necessary to explain the grounds, and no more, etc.

The constituents of a statement of a case for the Supreme Court, upon an appeal from a final judgment, are—first, the grounds upon which the appellant intends to rely on the appeal to reverse the judgment, from which it is taken; and secondly, so much of the evidence as may be necessary to explain said grounds, and no more.

A judgment in a civil action may be reviewed in the manner prescribed by law, and not otherwise. (See Pr. Act, secs. 333, 338, 339, 340, 341, 342.)

2. The provisions of the last five sections shall not apply to appeals from an order made upon an affidavit filed, but such affidavits shall be annexed to the order, in the place of the statement mentioned in those sections. (See Pr. Act, sec. 343.)

Here we have the exception to those general provisions of our law which point out the course to be pursued by the party who desires to have a final judgment in a civil case reviewed upon an appeal to this Court.

3. On an appeal from a final judgment, the appellant shall furnish the Court with a copy of the notice of appeal, the judgment roll, and the statement annexed, certified by the Clerk to be a correct copy.

If the appellant fail to furnish the requisite papers, the appeal may be dismissed. (Pr. Act, 346.)

4. The appellant failed in this case to make and annex to the record of the judgment a statement of the case, and the transcript before this Court shows no assignment of the errors of law, or the grounds upon which appellant intends to rely, to reverse the judgment appealed from.

A vast body of documentary evidence, and some testimony, are annexed to the judgment roll; but their pertinency and materiality have not been indicated by the appellants. And failing to make objections to the judgment rendered in the Court below, in the mode prescribed by law, the appellants must be deemed to have waived the same.

If a party shall omit to make a statement within the time limited by law, he shall be deemed to have waived his right thereto. (Pr. Act, sec. 339.)

5. The law is imperative, and it is for the appellants to show a strict compliance with its requirements.

A party appealing, who refuses to set forth " the grounds upon which he intends to rely," puts it out of the power of a respondent to amend the statement of the evidence, proposed by such party, because a respondent cannot know what evidence is material and pertinent, not knowing the objections that might be taken to the judgment; and an appellant, under such circumstances, would have it in his power to entrap, and take a most unjust advantage.

This Court doubtless took this view of the law, when it said, " the appeal in this case is dismissed for want of assignment of errors." *(Brooks, Clark & Co.* v. *Townsend & Bryant,* 4 Cal. 286.)

6. " Nor could the defendant ask the County Court to hear the appeal upon the questions of law, for the reason that there is no statement of the grounds upon which he intended to rely."      •

When there is no statement on appeal, this Court is confined, in its examination of the case, to the judgment roll; and where that is regular, the judgment below will be affirmed. " The statute not having been complied with, we can only consider the judgment roll, which being regular upon its face, the judgment is affirmed." *(People* v. *County Court of El Dorado,* 10 Cal. 20; *Karth* v. *Orth,* Id. 192; *Adams* v. *City of Oakland,* 8 Id. 510; *Wing* v. *Owen,* 9 Id. 247.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The statement in this case is a mere transcript of the evidence, oral and documentary, used on the hearing in the Court below. It covers seventy-nine pages of the record, and does not set forth the grounds upon which the appellants rely on the appeal. In this respect, it fails to comply with the requirements of the statute. The specification of the grounds is the essential element of a statement; the evidence is the mere incident. It is the statement " of the case," and not of the evidence, which is to be annexed to the record of the judgment or order appealed from. The case on appeal consists of the questions of law or of fact raised. These must be distinctly set forth, and accompanied with only so much of the evidence as may be necessary to explain and show their pertinency and materiality, and *no more.* (Prac. Act, sec. 338.) The specification is necessary, in the preparation of the statement, to enable the adverse party to suggest intelligently such amendments as he may deem important to the just determination of the case. Without it, neither the adverse party nor the Judge, can well know

how much of the evidence should be set forth.  It often happens that of numerous points taken in the progress of the trial, the greater number, after mature consideration, are abandoned by counsel, and the appeal made to rest upon only one or two of them.  In such instances, a large portion of the testimony actually given, becomes entirely immaterial on appeal, but without a specification of the grounds upon which the appellant intends to rely, the adverse party will be ignorant of the materiality of that which is inserted or omitted in the statement.

There is no distinction, as to the manner in which a statement shall be prepared, between a case at law and a case in equity.  It is as essential, for every purpose, that the grounds of appeal should be stated in the one case as in the other, and in both cases much, if not the greater portion, of the evidence given in the Court below will be wholly immaterial for the determination of those grounds in this Court.

The statement, not complying with the provisions of the statute, is only to be regarded as a transcript of testimony, which we cannot notice.  This view leaves the case to rest upon the judgment roll, and its inspection does not disclose any substantial error.

Judgment affirmed.

After the above opinion was delivered, the case of *Reynolds* v. *Lawrence (post)* was decided upon its authority.  Petitions for rehearing were filed in the two cases ; and the following opinion was delivered in both by FIELD, C. J.—BALDWIN, J. and COPE, J. concurring.

In these cases we rested our decision upon the judgment rolls, holding that the statements embodied in the records were defective, in not specifying the grounds upon which the appellants relied on appeal, as required by the statute.  We are now urged to grant a rehearing on various grounds, the most persuasive of which is, that the general practice of the profession in the preparation of statements has differed from that which is held by the decision to be essential ; and that an adherence to the decision will operate with great hardship upon parties whose records have already been made up for this Court.  The practice, we admit, has not always, or even generally been in accordance with the provisions of the statute, and the result has been that statements have come before this Court, in numerous instances, stuffed full of irrelevant and immaterial matter, by which unnecessary expense has been thrown upon litigants, and increased labor upon the Judges.  As was well observed by Mr. Justice Baldwin, of the statement in *Knowles*

Barrett *v.* Tewksbury.

v. *Inches,* (12 Cal.) the points are frequently hid in such a mass of superfluous matter, that it is more difficult to find out what they are, than to decide them when found. The evil has become so great, and of such frequent occurrence, that it is necessary, as well for the interests of parties as for those of the Court, to call the attention of litigants to the provisions of the statute, and to enforce their observance. We do not intend, however, to allow the rights of parties, whose statements are already prepared, to be sacrificed by the omission to specify the grounds of appeal—an omission which has resulted from following the prevailing practice. In all pending cases, in which the statements are filed, or prepared and settled, parties will be permitted to file and annex to the statements, in this Court, or in the Court below, the grounds of appeal, *nunc pro tunc,* such grounds not to cover any positions not raised by the exceptions taken, or the findings or judgment roll. In this way only can the correct practice be established, with a just regard to the rights of parties in existing cases, and the hardship referred to by counsel be obviated. But in all future cases, the specification must be made, when the statements are originally prepared. Nor is there any difficulty in pursuing this course; but, on the contrary, the labor of the parties, as well as their expenses, will be thereby greatly lessened. It is certainly a very simple matter for the party appealing, to allege, either at the commencement or the conclusion of his statement, that on appeal he will rely upon certain errors committed by the Court; as, for example, in admitting the testimony of a particular witness, or in excluding certain documents, or in giving or refusing certain instructions, or in making particular rulings upon the contract or subjects in controversy. When the grounds are thus specified, it will be an easy matter to state so much of the evidence as may be necessary to explain and point them, and the adverse party will be enabled to suggest readily and intelligently such amendments to the statement as he may deem important to their just determination. There may be cases where equitable relief is sought, as suggested by the learned counsel of the petitioners, in which the general ground of appeal will be that the decree is not warranted by the evidence; yet, even then, the general ground will be found, in the great majority of instances, subject to more particular specification—as that the evidence does not establish a contract, or show a tender, or compliance with particular conditions precedent, or the like, which will constitute the matters urged upon the Court. Thus, in the case of *Barrett et al.* v. *Tewksbury et al.,* the appellants

specify as grounds of error, in their brief, that the respondents are not parties in interest, and entitled to bring the suit, having previously divested themselves of their rights to the property in question; that the suit is barred by a former adjudication between the same parties upon the same subject matter; that the property in question was the separate property of the wife; that the cause of action is barred by the Statute of Limitations; that the allegations of fraud are unsupported by the evidence; and that the contract set up in the complaint is within the Statute of Frauds, and void because not reduced to writing. All these matters could have been alleged in the statement, as the grounds upon which the appellants would rely upon the appeal; and for their proper presentation much of the testimony in the record might have been omitted.

In the cases before us, in which the rehearing is asked, we examined with care the several points raised by counsel, and were satisfied that on the merits the judgments would have to be affirmed; and this being the fact, we took occasion to notice the objections urged to the statements. The determination of the rights of the appellants is not, therefore, in any respect affected by an adherence to the decisions in the cases.

Rehearing denied.