## BENJAMIN H. HUTTON *v.* JOSEPH L. REED, HENRY STEIL, AND CHARLES F. WEHN.

ASSIGNMENT OF ERRORS.—An assignment of errors at common law was in the nature of a pleading, to which there was a demurrer or joinder in error.   It did not constitute a part of the transcript, but was founded on it, and was filed in the appellate Court after the transcript had been filed.

SAME.—The term assignment of errors is not used in our Practice Act, nor is. it known in our practice in its common law sense.

APPEAL ON JUDGMENT ROLL.—When an appeal is taken on the judgment roll alone, and no statement is made, a specification of grounds of error is not required to be inserted in the transcript.   But when the Court comes to examine the case, and no brief or statement of points and authority has been furnished by the appellant, as required by Rule XVII, the judgment will be affirmed without examination.

STATEMENT ON APPEAL.—A general specification in the statement of grounds of error relied on, such as insufficiency of the evidence to justify the verdict, the verdict and judgment are against law, or error in law occurring at the trial, is not sufficient; but the statement should specify the particular grounds of error relied on ; and annexed to the statement of the grounds of error relied on by the appellant should be so much of the evidence as may be necessary to explain the points specified, and no more.

STATEMENT NOT SPECIFYING ERRORS RELIED ON.—A specification of the particular grounds of error is the *essential* element of a statement; the evidence is the mere incident.   On appeal from the judgment, if the transcript contains a paper purporting to be a statement, which does not distinctly specify the grounds of error relied on, and objection to its insufficiency in this respect to constitute a statement is made at the proper time, such paper will be disregarded, and only such errors as are disclosed by the judgment roll will be considered.

STATEMENT ON MOTION FOR NEW TRIAL.—When the appeal is from an order deny-

ing a new trial, and the statement does not contain the specific grounds of error relied on, the order will be affirmed, or, on motion, the appeal will be dismissed.

SAME.—If a paper purporting to be a statement on motion for a new trial does not contain a specification of the particular grounds relied on, there is no such statement as is required by section one hundred and ninety-five of the Practice Act, and nothing on which the Court can act.

WHAT STATEMENT SHOULD CONTAIN.—The statement made on appeal, or on motion for new trial to be annexed to the judgment roll, should contain first a clear specification of the particular grounds relied on by the appellant, and then so much of the evidence, rulings of the Court, instructions, etc., as may be necessary to explain the points relied on.

VERDICT OF JURY.—In action to recover possession of land, the jury rendered the following verdict: "We, the jury in this cause, find a verdict in favor of the plaintiff against defendants, for the possession of the premises described in the complaint herein, and the sum of one hundred and sixty-five dollars damages." *Held,* to be substantially a general verdict, covering all the issues, and that it does not limit the finding to any particular fact or single issue.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The following are the pleadings in this action. The complaint and answer were verified:

Benjamin H. Hutton, plaintiff, complains of Joseph L. Reed, Henry Steil, and Charles F. Wehn, defendants; and for cause of action says, that heretofore, to wit: on the first day of January, A. D. 1862, the plaintiff was the owner in fee, entitled to the possession, and in the possession of that certain piece or lot of land, situate, lying, and being in the City and County of San Francisco, State of California, and bounded and described as follows, to wit: Commencing on the southerly line of O'Farrell street at a point distant one hundred and thirty-seven feet six inches westwardly from the westwardly line of Jones street; thence running westerly along said line of O'Farrell street one hundred and thirty-seven feet six inches; thence southerly and parallel with Jones street one hundred and thirty-seven feet six inches; thence easterly and parallel with O'Farrell street one hundred and thirty-seven feet six inches; thence northerly and parallel with Jones street one hundred and thirty-seven feet six inches to the point of beginning, and being fifty vara lot No. 1,115, as designated and numbered upon the official map of the City of San Francisco.

That afterwards, and while plaintiff was so as aforesaid the owner in fee, entitled to the possession, and in possession of said described tract of land, to wit: on the 26th day of February, A. D. 1862, the said defendants wrongfully and unlawfully trespassed into and upon said tract of land and ousted the plaintiff, and from thence hitherto have and still do wrongfully and unlawfully detain the same and the possession thereof from the plaintiff, and to his damage in the sum of five hundred dollars.

Wherefore plaintiff prays judgment against said defendant for restitution of said premises, for five hundred dollars damages, and costs of suit.

PRATT & CLARKE,
Attorneys for Plaintiff.

And now come the said defendants, Joseph L. Reed, Henry Steil, Charles F. Wehn, and for answer to the complaint of the plaintiff in the above entitled action say, that they deny that on the first day of January, A. D. 1862, the said plaintiff was the owner in fee, entitled to the possession, and in the possession of that certain piece or lot of land, situate, lying, and being in the City and County of San Francisco, and particularly described in said plaintiff's complaint by metes and bounds, as fifty vara lot on the official map of the City of San Francisco as number eleven hundred and fifteen (1,115.)

And for further answer to said plaintiff's complaint, the defendants deny that on the 26th day of February, A. D. 1862, that they, the said defendants, or either of them, wrongfully and unlawfully trespassed into and upon said tract of land and ousted the plaintiff therefrom. And defendants deny that from thence hitherto, and that they still do wrongfully and unlawfully detain said piece or lot of land and the possession thereof from said plaintiff. And defendants deny that said plaintiff has sustained damages in the sum of five hundred dollars or in any other sum whatever.

And for further answer the defendants deny all and singular, the facts and allegations in said plaintiff's complaint contained.

Wherefore the said defendants pray that a judgment may be rendered in their favor and against said plaintiff, and for costs of suit in this action.

JOHN MCHENRY,

Attorney, and of Counsel for Defendants.

Plaintiff recovered judgment, and defendants appealed.
The other facts are stated in the opinion of the Court.

*James B. Townsend*, for Appellants.

If this verdict has any intelligible meaning, it is that the jury find that the plaintiff should have or is entitled to the possession of the premises described, etc.

But whether or not the plaintiff should have or is entitled to said premises, is a conclusion of law merely, to be pronounced by the Court after the facts have been ascertained, and depending upon those facts. It is not the province of the jury to decide what the plaintiff should have or is entitled to. The law, which is pronounced by the Court after the facts are ascertained, settles this.

"*Ad questiones juris respondent judices, ad questiones facti juratores.*"

The verdict in question, unless by implication and argument, decides none of the issues of fact joined between the parties and upon which their respective rights depend.

It does *not* decide whether the plaintiff is, or ever was, *owner in fee*, or owner of *any other estate* or interest in the land, unexpired.

It does *not* decide whether the plaintiff was ever *in the possession* of the land, or *ousted therefrom* by the *defendants*.

It does *not* decide whether the *defendants* have *detained said land* from the plaintiffs from February 26th, 1862, until the commencement of this action, or during *any portion* of that time.

These were the *material issues of fact* to be decided by *their verdict*.

Upon one or both of the two former depends the plaintiff's

right to recover the *possession* of the land; upon the latter, his right to recover *damages* in the nature of mesne profits.

The verdict (at most) finds that the plaintiff has the right to the possession, (which, as before remarked, is a *matter of law* for the *Court* to determine,) entirely *omitting* to find the *facts* upon which that right depends; and it also finds the *amount* of damages to which the jury consider the plaintiff entitled, without finding the *ouster* and *detention* of the premises by the *defendants*, upon which such right depends; in other words, it finds *only conclusions of law*, wholly omiting to find the *facts* upon which those conclusions would arise.

It is well settled that a verdict to authorise any judgment thereon, must find *all the material facts put in issue.* (*Patterson* v. *United States*, 2 Wheat. 224; *Bemus* v. *Beekman*, 3 Wend. 667; *Boynton* v. *Page*, 13 Wend. 425; 1 Grah. Prac. 3d Ed. 773, 777; Com. Dig. Pleader, Secs. 19, 20; *Kintz* v. *McNeal*, 1 Denio, 436.)

It must find those facts *directly*, not *argumentatively*, or by implication. (Com. Dig. Pleader, Sec. 22.)

It must find *facts*, not legal conclusions. (*King* v. *Dean of St. Asaph*, 3 T. R. 428, note *a.*)

*Clarke & Carpentier*, for Respondent.


By the Court, SAWYER, J.

The respondent made a preliminary motion to dismiss the appeal, on the ground that the record contains no statement on appeal, and no assignment of errors, or statement of the grounds upon which appellant relies. The motion to dismiss was argued orally, and the case at the same time submitted on its merits on briefs, subject to the motion to dismiss.

We have frequently had motions to dismiss appeals from orders denying new trials, and from judgments, on the general ground that there was no assignment of errors in the record. But the term, "assignment of errors," seems to be used somewhat loosely and vaguely. The real difficulty to be reached—

though frequently the point is not distinctly presented—is, that there is no such statement of the grounds intended to be relied on, on motion for new trial, or on appeal, as is required by the statute; and this is the point of the objection in this case. Notwithstanding the repeated decisions on the point, there still seems to be a misapprehension as to what is required, under the statute, to constitute a valid statement of the grounds relied on in such cases, and there is more or less discussion upon the subject whenever these motions are made. For this reason, we propose now to examine these questions, and, once for all, lay down the rule which we suppose to be contemplated by the statute, and established by the decisions.

The term assignment of errors is not used in our Practice Act. An assignment of errors, in the strict common law sense of the term, was in the nature of a pleading, to which there was a demurrer or rejoinder in error. (2 Tidd's Prac. 1,168; 3 Steph. Com. 644; 2 Burr. Prac. 147.) It did not constitute a part of the transcript, but was founded upon it, and was filed in the appellate Court at, or subsequent to the time of filing the transcript. It is hardly necessary to say, that the filing of such an assignment of errors was never required under the system of practice in this State. Yet we find the term often used in our reports in a sense somewhat different from, but analagous to its common law sense. Thus, in *The People* v. *Goldbury*, 10 Cal. 312, *People* v. *Comedo*, 11 Cal. 70, and *Smith* v. *Sayre*, 11 Cal. 129—generally cited in these discussions—the appeals were dismissed; and in *Squires* v. *Foorman*, 10 Cal. 298, the judgment was affirmed for want of "an assignment of errors." These cases, except the last, are imperfectly reported, and we have taken the trouble to examine the records with a view of ascertaining, if possible, the precise circumstances under which they were decided; the sense in which the term, "assignment of errors," was used by the Court, and the practice which has heretofore prevailed in such cases. So far as we are able to ascertain the facts from the records, the appeals in these several cases were not dismissed, nor the judgments affirmed on motion of the respondents'

counsel, for defects existing in the statements or transcripts. But on the contrary, the Court, on taking up the cases for examination and decision, seems to have found no specific statement of the errors, or anything in the nature of a brief, or points on file on the part of the appellant to direct attention to the points relied on, or aid in the examination of the record. If anything was found—as in the case of *Squires* v. *Foorman*, in which a paper indorsed, "assignment of errors" was filed—the specification of the errors was in such general terms as to afford the Court no assistance.

In such cases the Court, (not feeling called upon to perform the duties of counsel,) upon its own motion—as this Court has also done in several similar instances—either affirmed the judgment, or dismissed the appeal for want of the aid of what was termed, an "assignment of errors;" that is to say, a specification of the points or particular errors relied on filed in the case, which seems to be the sense in which the term was used by the Court.

In *Squires* v. *Foorman* the appeal was from a judgment on demurrer. The appellant filed a paper (which was no part of the transcript) purporting to be an "assignment of errors," in the following words: "1. The Court erred in overruling the demurrer. 2. The Court erred in rendering judgment. 3. The Court erred in rendering judgment by default."

There was no brief, and no other statement of the points. Mr. Justice Field, in deciding the case, said: "There is not, in the strict common law sense of the term, any assignment of errors required to be filed by the appellant. What is meant by the term as heretofore used by this Court is, that a specification must be filed of the errors upon which the appellant will rely, with such fullness as will give aid to the Court in the examination of the transcript. The assignment in this case gives no such aid, but leaves the Court to grope its way through the record in search of possible errors. We have neither the time nor disposition to make such investigation."

Rule sixteen of the rules of eighteen hundred and fifty-seven provided that, " To entitle the appellant to bring the cause to

a hearing at any term, the statement of his points and authorities shall be filed five days before the hearing, and unless so filed the appeal shall be dismissed." Probably a similar provision was contained in the rules prior to that time. The records of the Court, so far as we have been able to discover, do not show a dismissal of an appeal for want of an assignment of error in any other sense, or under any other circumstances than those stated, and under the rules of the Court requiring points to be filed.

The case of *Barrett* v. *Tewksbury* presents a different question. The question in that case was, whether the document purporting to be a statement contained a sufficient specification of the grounds on which the appellant relied, to constitute a valid statement, and render it available on appeal. And this is the question which is, or should be presented, when objections are taken to statements on the motions so frequently made in this Court.

Section three hundred and thirty-eight of the Practice Act of eighteen hundred and fifty-one, in force at the time the statement in that case was prepared, provides, that the statement shall " contain the grounds upon which he (the appellant) intends to rely on the appeal, and shall contain so much of the evidence as may be necessary to explain the grounds, and no more."

In deciding the case Mr. Chief Justice Field says : " *The specification of the grounds is the essential element of a statement ;* the evidence is the mere incident. It is the *statement ' of the case,'* and *not of the evidence,* which is to be annexed to the record of the judgment or order appealed from. *The case on appeal consists of the questions of law or of fact raised. These must be distinctly set forth and accompanied with only so much of the evidence as may be necessary to explain and show their pertinency and materiality, and no more.* The specification is necessary, in the preparation of the statement, to enable the adverse party to suggest, intelligently, such amendments as he may deem important to the just determination of the case. Without it neither the adverse party, nor the Judge, can well

know how much of the evidence should be set forth.   It often happens that, of numerous points taken in the progress of the trial, the greater number, after mature consideration, are abandoned by counsel, and the appeal made to rest on one or two of them.   In such instances a large portion of the testimony actually given becomes entirely immaterial on appeal; but without a specification of the grounds on which the appellant intends to rely, the adverse party will be ignorant of the materiality of that which is inserted or omitted in the statement." (15 Cal. 356–7.)

And again, page 358: " In all future cases the specifications must be made when the statements are originally prepared. Nor is there any difficulty in pursuing this course; but on the contrary, the labor of the parties, as well as their expenses, will be thereby greatly lessened.   It is certainly a very simple matter for the party appealing to allege, either at the commencement or conclusion of his statement, that on appeal he will rely upon certain errors committed by the Court; as, for example, in admitting the testimony of a particular witness, or in excluding certain documents, or in giving or refusing certain instructions, or in making particular rulings upon the contract or subjects in controversy.   When the grounds are thus specified it will be an easy matter to state so much of the evidence as may be necessary to explain and point them, and the adverse party will be enabled to suggest readily and intelligently such amendments to the statements as he may deem important to their just determination.   There may be cases where equitable relief is sought, as suggested by the learned counsel of the petitioners in which the general ground of appeal will be that the decree is not warranted by the evidence; yet, even then the general ground will be found, in a great majority of instances, subject to more particular specifications—as that the evidence does not establish a contract, or show a tender, or compliance with particular condition precedent, or the like, which will constitute the matters urged upon the Court."   (For further illustrations see opinion in the case cited.)

That case was well considered in the first instance, and again on petition for rehearing, and had the concurrence of all the Judges.   The requisites of a statement are so fully and precisely laid down that we have quoted at length from the opinion in the case, for the purpose of calling particular attention to the subject; for it seems to us that this case must have been overlooked, or there could not be so frequent occasion for making similar objections to statements in cases appealed to this Court.

The amendment to section three hundred and thirty-eight since the decision in *Barrett* v. *Tewksbury,* prescribes these essential requisites in still more precise and emphatic language.   It now provides that the appellant in his statement " shall state specifically the particular errors or grounds upon which he intends to rely on the appeal."   If there ever was room for doubt as to what was necessary to state, there can be none since the amendment of the Act.   It is manifest that the Legislature intended by this language something more than a specification of the grounds of appeal in general terms, such as those in the so called assignment of errors in *Squires* v. *Foorman,* or such as the general language of the statute in enumerating the cases for granting new trials, in section one hundred and ninety-three of the Practice Act.   It was intended that the specific error should be distinctly pointed out.   It is as easy to do this in the statement as in points or briefs, and such is the requirement of the statute.   It is also easy to indicate the ground so distinctly that there can be no room for discussion here as to whether " the errors or grounds upon which the appellant intends to rely " are specifically stated or not.   Hereafter, if the grounds are so loosely or defectively stated as to admit of argument as to their sufficiency, it must not be expected that this Court will adopt a liberal construction for the purpose of saving the appellant's case.

It is optional with the appellant, when he appeals from the judgment alone, whether he will make a statement or not.   If he makes no statement, it is not necessary that there should be in the transcript, or on file, what has heretofore been denom-

inated " an assignment of errors," or any statement of the grounds upon which he relies, for neither the statutes nor the rules of this Court now require it, and an appeal cannot in such cases be dismissed on motion for want of an assignment of errors in the transcript, or of a statement, or where there is a defective statement; but in such cases, only the errors appearing upon the judgment roll can be considered.    But when the Court comes to examine the case, and no brief, or statement of points and authorities is furnished on the part of the appellant to aid in the investigation, as required by Rule XVII, the judgment will be affirmed without any examination of the case, as was done in *Edmondson* v. *Alameda County*, 24 Cal. 349, and in other cases since.

In this case there is no statement on appeal; but the appellant was not required to make one, and the appeal, so far as it is taken from the judgment, cannot be dismissed. It must, however, rest upon the judgment roll alone. But an appeal is also taken from the order denying the motion for new trial, and the objection to the sufficiency of the statement applies to this branch of the appeal. The statement on motion for new trial was made under section one hundred and ninety-five, as amended in 1861, and the sufficiency of the statement must be determined by a construction of that section as it then stood. It provides that the party intending to move for a new trial shall prepare " a statement of the grounds upon which he intends to rely    *    *    ."

"*The grounds of the motion shall be specifically set forth, and the statement shall contain so much of the evidence, or reference thereto, as may be necessary to explain them, and no more.*" The language here is similar to that of section three hundred and thirty-eight, relating to statements on appeal, since the amendment of that section in 1864, and more specific than the language of that section as it stood at the time of the decision in *Barrett* v. *Tewksbury.* The same construction must be given to both sections.

In *Wing* v. *Owen*, 9 Cal. 247, plaintiff recovered. The defendant made what was intended to be a statement on

motion for new trial.  It stated the evidence, the various rulings upon the admissibility of evidence, and the exceptions taken by defendants ; the instructions given at the request of plaintiff, and those asked by defendant and refused, and the exceptions thereon taken by defendant—in short, the full history of the proceedings ; but it did not state the particular errors or grounds upon which the defendants intended to rely on their motion.  The District Court granted a new trial, and plaintiff appealed.  The document called a statement was held to be *no such statement as the Act required, and therefore no statement at all;* and the order granting a new trial was reversed on that ground.  Mr. Justice Field said : " In this case no statement was filed setting forth the grounds upon which defendants intended to rely on their motion for a new trial.  The failure to file such statement operates as a waiver of the right to the motion."  (Page 247.)  This construction of section one hundred and ninety-five is on the theory, that *the specification of the particular errors, or grounds relied on, is the essential constituent, without which there is no statement,* and the evidence, rulings and exceptions only the incidents which serve to explain and illustrate those essentials—the errors or grounds relied on.  The language of section one hundred and ninety-five at that time was more general than after the amendment of 1861, as it did not contain the clause : " The grounds of the motion shall be specifically set forth."  The principle of this case, as we have seen, was affirmed in *Barrett* v. *Tewksbury* in respect to statements on appeal, in which case, the Court explained more fully, and in terms not liable to be misapprehended, what is intended by the grounds upon which a party intends to rely.  This case was approved and followed in *Dobbins* v. *Dollarhide,* 15 Cal. 375, and recognized in *Valentine* v. *Stewart,* Id. 396.

If then, " the grounds of the motion," as thus defined, are not " specifically set forth " in the statement in this case, there is no such statement as is required on motion for new trial, and nothing on which the Court was authorized to act.

The only statement of the grounds is an enumeration of the

causes for new trial specified in the fifth, sixth and seventh clauses of section one hundred and ninety-three, very nearly in the words of the statute, as follows :

First—Insufficiency of the evidence to justify the verdict.

Second—The verdict and judgment are against law.

Third—Excessive damages as given by the jury.

Fourth—Error in law occurring at the trial and excepted to by the defendants; without in the remotest degree indicating wherein the evidence was insufficient, the verdict against law, or the error in law at the trial occurred.

The third specification, as here stated, is not recognized by the statute as a cause for new trial, for there is no averment or pretense that the damages were "given under the influence of passion or prejudice."

We do not think the grounds are "specifically set forth," within the meaning of the statute as before construed. There is nothing here that indicates the specific errors or grounds relied on. The specification affords to the other party no information that is of any service to him in suggesting amendments to the statement. Upon such a specification he could not safely accept a statement that did not contain everything that transpired at the trial; and statements under such a system would be incumbered with hundreds of pages of matter worse than useless—one of the very evils, which the requirements of the statute were intended to obviate. The provision is that the "grounds" shall be "specifically set forth," and "the statement shall contain so much of the evidence * * * as may be necessary to explain them, *and no more.*" If the opposite party knows the precise grounds relied on, he will have no difficulty in determining exactly what evidence is necessary to explain them. But if the grounds are stated in terms so broad as to include everything that transpired at the trial, it is impossible for him to know what is necessary to be included to explain the grounds, or what may safely be omitted. Such a statement affords no information whatever, and so far as any useful purpose is concerned, it might just as well be altogether omitted. We are disposed to carry out these provisions of the

Practice Act according to the letter and spirit; and the construction given them, as we conceive, will accomplish that result.    We again call attention to *Barrett* v. *Tewksbury*, 15 Cal. 358, where the correct practice is distinctly pointed out.

Whenever the statement, on motion for new trial, or on appeal, does not conform to the requirements of the statute as construed in this opinion, and the objection is made at the proper time, it will be disregarded, and such errors only considered as are disclosed by the judgment roll.

When the appeal is from the order denying a motion for new trial, and the motion was not based on such a "statement of the grounds" as is herein approved, or upon affidavits, the practice will be to affirm the order, or, on motion, to dismiss the appeal.

The only point made on the judgment roll in this case is, that the issues of fact are not found by the jury, and the verdict is insufficient to sustain the judgment.    The action is for the recovery of the possession of land and damages for detention.    The verdict is, " We, the jury in this cause, find a verdict in favor of the plaintiff against defendants for the possession of the premises described in the complaint herein, and the sum of one hundred and sixty-five dollars damages."

We must presume the Court correctly instructed the jury as to what was necessary for them to find to entitle the plaintiff to recover the possession of the premises.    We think this is substantially a general verdict covering all the issues.    The words "for the possession of the premises described in the complaint herein" do not limit the finding to any particular fact or issue.

We deem it proper to say here that we have come to the conclusion that the statement on motion for a new trial in this case must be disregarded as insufficient with less reluctance, for the reason that we are satisfied upon examination of the record that no injustice will result from the judgment if unreversed.    The substantial question on the validity of the grant by Alcalde Geary was determined in *White* v. *Moses*, 21

Cal. 34. But it is unnecessary to notice the several points made.

Judgment affirmed.