## JAMES B. HAGGIN *et al. v.* WILLIAM S. CLARK *et als.* AND NATHAN ROGERS.

APPEAL FROM AN ORDER MADE ON AFFIDAVITS.—In an appeal taken from an order made after final judgment, upon affidavits filed, it is not necessary to make a statement, nor is it necessary to specify the grounds upon which the appellant will rely for a reversal of the order.

APPEAL FROM AN ORDER WHERE THERE IS A STATEMENT.—In an appeal from an order made after final judgment, if appellant makes a statement and relies upon it in the appellate Court, the statement must contain the grounds upon which the appellant intends to rely on appeal, or it will be disregarded.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 9th day of February, 1863, James B. Haggin *et al.* recovered judgment in the District Court of the Fourth Judicial District, City and County of San Francisco, against William S. Clark *et al.*, for the possession of a lot of land in said city. Nathan Rogers was not one of the defendants by name in the judgment. On the 6th day of January, 1864, a writ was issued on the judgment and placed in the Sheriff's hands, by which he was commanded to place the plaintiffs in possession of the land described in the judgment. On the 22d day of June, 1864, the Sheriff returned the writ with an indorsement thereon dated February 7th, 1864, that he had placed the plaintiffs in possession of the premises.

On the 13th day of July, 1864, the plaintiffs presented affidavits to the Judge of said Court stating that by virtue of the said writ Nathan Rogers was by the Sheriff dispossessed and put out of possession of a portion of the premises described in the writ and plaintiffs were put in possession, but that on the first day of July, 1864, said Rogers re-entered and by force excluded plaintiffs, and from thence had detained the same, in contempt of the Court and its process.

Plaintiffs asked for an order to show cause why Rogers should not be punished for contempt for re-entering without having any right so to do, after having been dispossessed. (See Laws of 1862, page 115.)

The Judge made an order requiring Rogers to show cause before him on the 18th day of July, 1864. Rogers at the hearing filed counter affidavits. Considerable record evidence was introduced by plaintiffs at the hearing. The Court discharged the order and plaintiffs appealed.

The other facts are stated in the opinion of the Court.

*Brooks & Whitney,* for Appellants.

*James M. Taylor,* for Respondent.

By the Court, SHAFTER, J.

This is an appeal from an order discharging an order requiring the respondent to show cause why an attachment should not issue against him for a contempt of Court, within the provisions of an Act passed April 8, 1862, entitled "An Act for the punishment of contempts and trespasses."

There is a statement annexed to the record of the order appealed from and all the errors complained of arise upon the statement.

The respondent insists that there is no sufficient specification in the statement of the grounds upon which the appellant intended to rely in this Court, and that for the want of such specifications the order should be affirmed. The appellant, in reply to this objection, insists, in the first place, that in a case like the present, no specification of the grounds intended to be relied on is necessary; and in the second place, if mistaken in the first position, that the record shows a specification, and one as precise in its terms as the law requires.

First—We consider that a specification was necessary to entitle the plaintiff to a hearing upon the statement. True, section three hundred and forty-three of the Practice Act provides: "That the last five preceding sections (338, 339, 340, 341, 342) shall not apply to appeals taken from an order made upon affidavits filed, but such affidavits shall be annexed to the order in place of the statement mentioned in those sec-

tions." But the order appealed from here was not made upon affidavits alone. Had it been, it would not only have been unnecessary to specify the grounds of appeal, but a statement would have been unnecessary also. But the transcript contains a " statement " by designation, and the document is certified to by the Judge, at appellants' request, as a " correct statement for the purposes of the appeal." But the " statement," in addition to the affidavits used at the hearing on the order to show cause, contains the writ of restitution issued on the judgment recovered by the plaintiffs in *Haggin et al.* v. *Clark et als.*, together with the officer's return thereon, and a stipulation that the judgment is correctly described in the writ. It shows, further, that when these papers were offered in evidence the respondent objected to their admissibility, that the objection was overruled by the Court, and that the respondent excepted. It further appears from the " statement," that the appellant gave in evidence the judgment roll in *Rogers* v. *Haggin et al.*, and Rogers' statement on motion for new trial therein, in which statement all the parol and documentary evidence introduced on the trial of that action was set forth, together with the order of the Court denying the motion. It · further appears from the statement herein that the respondent objected to the admissibility of those records and files, and that he excepted to the decision of. the Court overruling his objections. The " statement," then, is not only a statement in form, but it fulfils all the uses of a statement, and may be said to demonstrate its own necessity. The purpose of the appellants in putting the record and proceedings in *Rogers* v. *Haggin et al.* in evidence, was to estop the respondents from proving that he was not a party defendant in the ejectment suit of *Haggin* v. *Clark et als.*, or rather to estop him generally from averring and proving that he was not bound by the judgment in that action. Had the appeal been taken from the order as related to the affidavits alone, there could have been no doubt as to the correctness of the decision of the Court below; but the appellant having, as he considered, established an *estoppel* as against the affidavits of the respon-

dent, very properly concluded that he could not have the benefit of it in an error unless he embodied the materials upon which the estoppel was cast in a statement to be annexed to the record of the order. The record, then, not only contains a statement in form but a statement in substance also; that is, a statement made to meet the legal necessities of a case to be brought to this Court for review. It follows that the statement made, to entitle the appellants to be heard upon it, should conform to the provisions of the three hundred and thirty-eighth section of the Practice Act; and one of the provisions of that section requires that whenever a statement is made it " shall contain the grounds upon which the appellant intends to rely on appeal;" and " if it does not contain such specification the statement will not be noticed." (*Barrett* v. *Tewksbury*, 15 Cal. 358 ; *Reynolds* v. *Lawrence*, Ib. 359 ; *Hutton* v. *Reed*, 25 Cal. 478.)

The record in this case contains a specification in the following language : " To which order and decision the said plaintiffs then and there duly excepted, and assign as error that said order and decision are against law." This specification is too general to subserve any useful purpose and might as well have been omitted. The objects intended to be secured by section three hundred and thirty-eight of the Practice Act are distinctly set forth in *Hutton* v. *Reed* and in the case of *Barrett* v. *Tewksbury*, and require no restatement here. This case is clearly within the rule established by those decisions. In *Barrett* v. *Tewksbury* the Court announced that it would forbear to apply the rule to cases then pending, but as to the future, parties and attorneys were distinctly told that the rule would be rigidly enforced; and this monition was reiterated, in effect, in *Hutton* v. *Reed*. The respondent does not waive the benefit of the rule, but claims that it should be enforced in his favor.

The order appealed from is affirmed.