## THOMAS JONES v. WELLS, FARGO & CO.

LIABILITY OF COMMON CARRIER.—If a common carrier undertakes to carry and deliver a draft, he becomes charged on his contract as a common carrier immediately upon his failure to carry and deliver as agreed, and this liability is primary, and not secondary to that of the drawer of the draft.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The Court, charged the jury, at defendants' request, that the fact that the draft was lost did not destroy the drawer's liability for the money.

The Court, also, at its own instance, charged the jury that if they found that the draft was delivered to defendants to carry and deliver, and defendants knew of its value at the time, and they failed to deliver it, they should find for plaintiff.

To this the defendants excepted.

Plaintiff had judgment, and the defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*John H. Saunders*, for Appellant, contended that the plaintiff should have applied to Jackson for a duplicate of the draft, and if Jackson had refused to give a duplicate, he should have sued him for money had and received.

*Jo. Hamilton*, for Respondent, argued that appellants were liable in the first instance, regardless of Jackson's liability.

By the Court, SHAFTER, J.

The complaint alleges that defendants are common carriers. That the plaintiff delivered to them at their office in Auburn, on the 19th of October, 1861, a package containing a draft for seven hundred dollars, drawn by J. Q. Jackson on Wells, Fargo & Co. at San Francisco, and payable to William Williams or order. That the defendants had notice of the character and value of the contents of the package; that they were paid by the plaintiff to carry and deliver the same, with reasonable dispatch, to Williams at Camptonville to whom the package was directed, and that the defendants undertook and promised to do so. That the draft belonged to the plaintiff and was sent by him to pay for a mining claim which the plaintiff had purchased. That the defendants neglected to carry and deliver the package as agreed, and that they have converted it and its contents to their own use. That at the time the package was delivered to the defendants, Jackson, the drawer of the draft, had funds sufficient in the hands of the drawees to meet the same if it had been presented within a reasonable time. That Jackson was then solvent, and if the defendants had done as they agreed the draft would not have been lost to the plaintiff. That Jackson, since the neglect and conversion aforesaid, has withdrawn his funds from the hands of the drawees—has become wholly insolvent, and has left the country, and if said draft were now delivered or returned, the same would be utterly valueless to the plaintiff.

All the allegations of the complaint were denied, except the averments that the draft was the property of the plaintiff, and that the defendants were common carriers. The cause was tried by a jury, who returned a verdict for the plaintiff.

First—It is insisted for the appellants that their motion for a nonsuit, made at the trial, after the plaintiff had rested, was improperly overruled, and on the ground that there was no evidence tending to prove that Jones was the owner of the draft.

It was distinctly alleged in the complaint that the draft was

the property of Jones, and the averment was not denied in the answer. Aside from that, the plaintiff put in testimony upon the point before resting, fully explaining the grounds of his alleged ownership.

Second—It is further insisted that there is error in the charge.

We have considered the objection to the instructions on which the appellants rely in argument, and we are satisfied that the objection is not well taken. The liability of the defendants is primary, and not secondary to that of the drawer of the draft. The defendants undertook to carry and deliver the draft to Williams at Camptonville, and became charged on their contract as common carriers, immediately upon their failure to carry and deliver as agreed. But if the charge was erroneous in the particular complained of, the error would not be available to the defendants, inasmuch as it is not put in the statement on motion for new trial, as one of the " particular errors upon which the party will rely." (Practice Act, Section 195 ; *Hutton* v. *Reed*, 25 Cal. 478.)

Judgment affirmed.

Mr. Chief Justice SANDERSON expressed no opinion.