## Goss *v.* Board of Commissioners of Boulder County.

1. Upon a motion to quash a writ of attachment in aid, the court may look into the averments of both complaint and affidavit, for the purpose of determining the motion.

2. While the Code abolishes the *forms* of actions, it cannot obliterate the distinctions between the causes or nature of actions.

3. Where money comes rightfully into one's hands, he cannot, by reason of a subsequent misapplication of such money, be charged with fraudulently contracting a debt so as to authorize an attachment upon that ground.

4. The bond of the county treasurer (Gen. Laws, § 527) is the measure of his duties as treasurer, and is the contract covering his duties and all those in his employ performing the duties of the office.

5. Under our statutes neither a deputy treasurer nor clerk gives bond to the public for the faithful performance of his duties, and there is no such privity between the county or the public and the deputy treasurer or clerk, as to create an implied contract between them in the face of an express contract between the treasurer and the public.

6. Section 113 of the Code authorizes the court to dismiss an attachment on motion, when it appears from the face of the papers or the proceedings that the writ was improperly issued.

7. An affidavit inat tachment stands as a pleading and is properly brought up by the record without being included in the statement required by the Code.

8. In causes pending at the time of the adoption of the Code, the assignment of errors might be filed *nunc pro tunc,* and considered the same as though incorporated in the statement, as contemplated by the Code.

*Appeal from District Court of Boulder County.*

The case is stated in the opinion.

Messrs. J. B. Belford & Clinton Reed, for appellant.

Messrs. W. A. Hardenbrook & L. C. Rockwell, for appellees.

Stone, J.    The declaration avers that in 1871, Daniel A. Robinson was elected treasurer of the county of Boulder, and served out his full term, and having been re-elected, he served the second term ; that he duly qualified and gave his official bond for each of said terms ; that upon his first election he appointed the defendant his clerk, and upon re-election he re-appointed said defendant clerk, and afterward appointed him deputy treasurer ; that the defendant, in the course of his employment as such clerk and deputy, received large sums of money belonging to the county, and that of such money he failed to account for $2,500 ; that he failed to pay over the same to the said Robinson, or to the county, or to Robinson's successor in office, but had the same in his hands at the time Robinson ceased to be treasurer, and fraudulently and unlawfully converted the same to his own use, "whereby the defendant has become and is indebted to said plaintiff in the sum of $2,529.22, and fraudulently incurred said debt as above stated.'

Upon the same day of the issuance of summons, an affidavit for attachment was filed, which is as follows :

"William A. Hardenbrook, of lawful age, being first duly sworn according to law, says : he is the agent of the plaintiff in the above-entitled cause, and that the defendant, Percy D. Goss, is indebted to said plaintiff in the sum of $2,529.22 over and above all legal set-offs and counterclaims upon an implied obligation for the payment of money, to wit : for money and property of said Boulder county, which said defendant took while employed in the office of the treasurer of said Boulder county, as the clerk

of Daniel A. Robinson, its treasurer, and deputy treasurer of said Boulder county under said Robinson, and fraudulently and wrongfully converted the same to his own use and benefit. That Percy D. Goss fraudulently contracted the debt and incurred the liability respecting which this suit is brought. That said writ of attachment is to be levied on personal property as well as real estate, and that the value of the personal property about to be attached is $2,000."

A writ of attachment was issued and served, and at the term of court next ensuing, the defendant by his attorneys appeared specially and filed a motion to quash the writ for the reasons :

" 1st. Because it appears from the papers filed in this cause that the writ of attachment was improperly issued.

2nd. Because an attachment does not lie except in actions upon contracts, express or implied, and it appears from the demand and papers herein that this is not such an action.

3rd. Because the declaration and affidavit show that there is no contract sued on, either express or implied, between the parties hereto, and that the defendant is not liable to the plaintiff for the money sued for in this cause, or any part thereof.

4th. Because the petition is not properly verified, and no writ of attachment can legally issue thereon.

5th. Because no sufficient bond was filed," etc.

The motion coming on to be heard was denied by the court, and to the denying said motion the defendant excepted and appealed to this court, and assigns for error :

" That the court erred in overruling the motion to quash the attachment sued out in said cause."

The action is brought under the Code and the declaration or complaint alleges the facts which constitute the cause of action. The affidavit for attachment alleges an indebtedness from defendant to plaintiff, and, as ground for the writ, avers, that the debt was fraudulently contracted.

Upon the motion to quash the writ the court below could properly look into the averments of both complaint and affidavit in order to determine the motion. From these averments we must conclude that the defendant is not liable in the action brought, and hence the writ did not lie. Section 91 of the Code provides that attachments may issue (upon the grounds enumerated in the next section) in " an action on contract, express or implied."

While the Code abolishes *forms* of actions, it cannot obliterate the distinctions between the causes or nature of actions ; as for example, actions *ex delicto* and *ex contractu.* The only ground upon which the writ is based is, that the debt was fraudulently contracted. The money having, as the complaint shows, come rightfully into the hands of appellant, it cannot be said that by reason of subsequent mis-appropriation he fraudulently contracted a debt; there is in such case no contract except that which the law raises by implication.

The statute provides that the condition of the treasurer's bond shall be " that if the said ——— *and his deputy, and all persons employed in his office,* shall faithfully and promptly perform the duties of said office, and if the said ——— and his deputies shall pay according to law all moneys which shall come to his hands as treasurer, and will render a true and just account thereof whenever required by the Board of Commissioners or by any provision of law, and shall deliver over to his successor in office or to any other person authorized by law to receive the same, all moneys, books, papers and other things appertaining thereto or belonging to his office, the above obligation to be void," etc. R. S., p. 183. The same statute is re-enacted in the General Laws of the State, § 527. This bond is the measure of the duties of the treasurer. *Perley* v. *County,* 33 Mich. 141. Such bond, the complaint avers, was given by Robinson as treasurer, by and under whom the defendant was employed as clerk and deputy, and this bond was the contract covering the duties of the treasurer

and all those in his employ performing the duties of the office. Upon such bond the acts of the defendant, while so employed, created a liability on the part of the treasurer by express terms.

In the case of *Walker* v. *Brown*, 28 Ill. 378, it is held that an implied contract cannot exist when there is an existing express contract respecting the same subject. In that case the plaintiff sued the defendant upon an implied contract, when there existed an express contract under seal between plaintiff and a third party, embracing the identical subject-matter of the suit, and it therefore presents a parallel to this case. The court say : . " As in physics, two solid bodies cannot occupy the same space at the same time, so in law and common sense, there cannot be an express and an implied contract for the same thing existing at the same time. This is an axiomatic truth. It is only where parties do not expressly agree that the law interposes and raises a promise."

This doctrine is supported by numerous authorities, English and American, cited and reviewed in the principal case.

Under our statute neither a deputy treasurer nor clerk gives a bond to the public for the faithful performance of the duties he undertakes. By the permissive authority of the statute, and under the guaranty of the treasurer's bond, the deputies and clerks are appointed by the treasurer, and by him employed and paid. With their compensation and terms of service the public has nothing to do. The relation of debtor and creditor between the county and the treasurer is unaffected by the circumstance that the duties of the latter are discharged by deputy or clerical agency. There is no such privity between the county or the public, and the deputy or clerk, as to create an implied contract between them in the face of an express contract between the treasurer and the public, embracing the duties of the office by whomsoever performed, and covering the acts here complained of.

Sections 113 and 114 of the Code authorize the court to discharge the attachment upon motion, whenever it satisfactorily appears, "that the writ was improperly issued for any reason appearing on the face of the papers and proceedings in the action." Looking to the affidavit and complaint, we must say that there is no express or implied contract between the appellant and appellee; and it follows that the attachment was improperly issued and should have been discharged under the motion.

Counsel for appellee raise a preliminary question whether the record is sufficient to bring before the court the errors relied upon; and it is insisted, first—that the bill of exceptions, or statement, does not contain the affidavit in attachment; and, second—that it does not contain a statement of the errors assigned.

As to the first point it may be said that the affidavit in attachment stands as a pleading, not alone in cases commenced originally by attachment, but where sued out in aid of an action the affidavit answers to the complaint *in that proceeding*, and hence is so far a pleading that it is properly brought up by the record without being included in the statement required by the Code.

As to the second point, we need only refer to the ruling made by this court in the case of *Willoughby* v. *Brown*, unreported, upon the authority of *Barrett* v. *Tewksbury*, 15 Cal. 357, that as to causes then pending (June 18, 1878), the assignment or specification of errors might be filed *nunc pro tunc*, and considered the same as though incorporated in the statement as contemplated by the Code, and this being one of the pending causes, is embraced in the rule.

The order denying the motion to quash the writ is reversed, and the cause remanded.

*Reversed.*