No. 14,988.

TURECK *v.* BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LAS ANIMAS.
(117 P. [2d] 315)

Decided September 15, 1941.

348

Mr. GEORGE H. BLICKHAHN, for plaintiff in error.

Mr. FRANK H. HALL, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS action was brought by Joseph Tureck, plaintiff in error, against the Board of County Commissioners of Las Animas county, Colorado, to recover salary in the sum of $962.50 which he alleged was due him as deputy county treasurer. A statement of the undisputed facts is as follows:

Tureck had been deputy treasurer for a number of years and, after reelection of the county treasurer for a two-year term in November, 1939, was reappointed January 2, 1939. At that time he furnished a surety bond to the county treasurer covering a term of two years. January 9, 1939, the treasurer advised Tureck that the district attorney of the judicial district of which Las Animas county is a part had informed him that there were "some discrepancies in the interest on warrants" which required an audit, and it was agreed at that time that Tureck would "lay off" for a period of two weeks and until an audit of the books could be made. Pursuant to this understanding, January 12, 1939, Tureck checked in the cash and records in his charge to one Cortese and turned over to him the keys to the safe. No further official services were performed by him for the county. Concurrently with this action, on the same date, the

county treasurer promoted Cortese from the position of assistant bookkeeper to deputy county treasurer at a salary of $175 per month, and he was required to, and did, furnish bond as such deputy for a two-year term. Tureck was paid for his services from January 1 to January 12, 1939, inclusive. After the two-weeks' period expired Tureck called at the office of the county treasurer for the purpose of resuming his work, but was advised by the treasurer that the audit had not been completed. This same procedure was repeated every few weeks, Tureck offering to go to work and the county treasurer refusing the offer, for the asserted reason that the audit had not been completed. There had been considerable discussion at the county seat concerning the administration of certain affairs in the county treasurer's office, and the treasurer told Tureck that in view of the inflamed mind of the public it would injure him as well as Tureck if the latter was permitted to resume his position. The audit was completed some time in April, and the auditor's report, while not disclosing any shortage, criticized the methods used by Tureck in handling county warrants. The county treasurer was greatly disturbed by the hostile attitude of the public toward Tureck, which was somewhat accentuated by this report; and after further interviews between Tureck and himself, and after some hesitations and consultations with a number of business men in his community, he, on or about June 26, 1939, advised Tureck that he could not take him back. During all this time, and thereafter, Cortese was performing the duties of deputy county treasurer and on written order from the county treasurer to the board drew the salary appropriated for that position. On due trial, and after the introduction of evidence on behalf of both sides, the court granted the motion of the county commissioners for a directed verdict and entered judgment in their favor. We have elected to dispose of this review on the application for supersedeas.

The question presented, under the above facts, is whether the county is liable to Tureck for the salary of deputy county treasurer from January 13 to June 30, 1939. We think not. There is no law in this state fixing the term of office of a deputy county treasurer. Tureck's employment was under the authority of section 139, chapter 45, '35 C.S.A., which provides that "The county treasurer may appoint a deputy * * *." It is to be noted that under this section a deputy treasurer is appointed by the county treasurer, and with his compensation and term of service the public have nothing to do. *Goss v. Board of Commissioners*, 4 Colo. 468, 472. In the present case we are concerned solely with the office of deputy county treasurer, and under our law there is here no civil service problem involved. The authority to remove or suspend county agents, in the absence of a statute otherwise providing, rests in the appointing power. 20 C.J.S., p. 908, §108b. As related to a deputy county treasurer, there is in Colorado no "statute otherwise providing." Under all these circumstances, so far as the county is concerned, it is immaterial whether the county treasurer rightfully or wrongfully temporarily terminated Tureck's services and finally discharged him; therefore this is not an issue necessary for our determination. There is no contractual privity between Tureck and the public. *Goss v. Board of Commissioners, supra.* The county commissioners played no part in causing or procuring the lay-off and discharge of the deputy treasurer, and no error was committed by the trial court in sustaining the motion for a directed verdict in their favor. This conclusion obviates the necessity of discussing other questions raised.

The judgment is affirmed.