LUCY HARPER, ADMINISTRATRIX, ETC., v. PETER O. MINOR, MARY ANN WILLIAMS, ISAAC BRANHAM, FREDERICK HALL, AND FREDERICK A. HEHN.

| 27 | 107 |
| 79 | 267 |
| 27 | 107 |
| 97 | 182 |
| 27 | 107 |
| 104 | 246 |

APPEAL FROM A JUDGMENT.—On an appeal from a judgment, where there is no statement, the Supreme Court will only consider matters appearing in the judgment roll.

ORDERS NOT PART OF JUDGMENT ROLL.—If the appellant desires to have any intermediate orders, not forming a part of the judgment roll, reviewed on an appeal from a judgment, he must bring them into the record by means of a statement, together with such facts forming the basis of the orders as are necessary to explain the action of the Court below.

STATEMENT ON MOTION FOR A NEW TRIAL.—The office of a statement on motion for new trial is to bring into the record those matters only which arise in the progress of a trial, and constitute the basis of the motion under the fifth, sixth, and seventh subdivisions of section one hundred and ninety-three of the Practice Act, and which the appellant desires to have reviewed on appeal from the order granting or refusing a new trial.

STATEMENT ON APPEAL.—The office of a statement on appeal is to bring into the

record those orders and rulings, together with the facts necessary to explain them, which are made in other stages of the proceedings in the case, and not during the progress of the trial, and not contained in the judgment roll.

REVIEW OF QUESTIONS OF LAW ARISING DURING THE TRIAL.—An appellant who does not wish to raise any questions in the appellate Court as to the sufficiency of the evidence, may have questions of law arising in the progress of the trial reviewed, by making a statement of such rulings, with sufficient evidence to show their materiality, or may embody them in a bill of exceptions, and in this way have them reviewed on appeal from the judgment.

WHAT EVIDENCE SHOULD BE CONTAINED IN STATEMENT.—If the appellant insists that the verdict is not supported by the evidence, the statement should state in what particulars it is insufficient, and contain all the evidence on the point or points relied on, but the evidence not bearing upon the point or points relied on is irrelevant.

ORDERS AND RULINGS IN STATEMENT.—The statement on appeal should contain only such orders and rulings as the appellant desires to have reviewed, and the facts necessary to explain the action of the Court below thereon.

COSTS OF IRRELEVANT MATTER IN RECORD.—When irrelevant matter to any considerable extent is introduced into the record on appeal, the Supreme Court will visit the party who insisted upon its introduction with the costs of that portion of the record, whether he succeeds upon the merits of the case or not.

TIME TO GIVE NOTICE OF MOTION FOR A NEW TRIAL.—The District Court has power, without the consent of the parties, upon the application of the party intending to move for a new trial, and upon good cause shown, to extend the time within which to give notice of such motion thirty days beyond the time prescribed by the one hundred and ninety-fifth section of the Practice Act.

TIME TO FILE STATEMENT ON MOTION FOR NEW TRIAL.—If the time for giving notice of motion for a new trial is extended by the Court, the party to whom the extension is given has five days from the time notice is given within which to file his statement, as an absolute right, and the Court has power to extend the time twenty days further.

STATEMENT ON APPEAL.—If the party who appeals from a judgment does not file and serve a statement on appeal within twenty days from the date of the judgment, his right to make a statement is waived.

RECORD ON APPEAL.—On an appeal from an order dismissing a motion for a new trial, when the only point is as to whether the statement was filed in time, it is not necessary to insert the statement itself in the record.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*J. B. Hart,* for Appellants.

*Patterson, Wallace & Stow,* for Respondents.

By the Court, SAWYER, J.

There are three appeals embraced in this record :

Firstly—An appeal from the judgment.

Secondly—An appeal from an order subsequent to judgment dismissing plaintiffs' motion for new trial.

Thirdly—An appeal from an order subsequent to judgment, striking from the files of the Court plaintiffs' statement on appeal.

On an appeal from the judgment, where there is no statement, we can only consider matters appearing in the judgment roll. This has been so often held, and so long settled, that there ought to be no further occasion to repeat it.   The Practice Act states explicitly what papers shall constitute the judgment roll.  They are, in a case where an answer has been filed, " the summons, pleadings, verdict of the jury, or finding of the Court, and all bills of exceptions taken and filed in said action ; and a copy of the judgment, and any orders relating to a change of the parties." (Sec. 203.)   The statute also defines a bill of exceptions.

The finding filed January 13, 1864, is the finding upon which the judgment appealed from is based.   All between that and the pleadings drop out of the case, and have no place in the transcript on appeal from the judgment, unless brought in by a statement on appeal.   The report of the referee is simply a report of the testimony upon which the Judge based his findings.   It forms no part of the judgment roll.   Neither do the minutes of the Clerk, nor the intermediate orders of the Court, except " orders relating to a change of parties," form any part of the judgment roll.   If an appellant desires to have any intermediate orders affecting the judgment appealed from, and not forming a part of the judgment roll, reviewed, he must, by means of a statement on appeal, bring them into the record, together with such facts forming the basis of the orders, as are necessary to explain the action of the Court below.   It is for this very purpose that the party is authorized by law to have a statement on appeal annexed to the record of the judgment, or the order from which the appeal is taken.

The office of a statement on motion for new trial, is, to bring into the record those matters only, which arise in the progress of the trial, and constitute the basis of the motion under the fifth, sixth and seventh subdivisions of section one hundred and ninety-three of the Practice Act, and which the party desires to have reviewed on appeal from the order granting or refusing a new trial; that of a statement on appeal, those orders and rulings together with the facts necessary to explain them, which are made in other stages of the proceedings in the case, and not during the progress of the trial, and not contained in the judgment roll. A party, however, who does not wish to raise any question as to the sufficiency of the evidence in this Court on an appeal from an order granting or refusing a new trial, but only desires to have rulings upon questions of law arising in the progress of the trial reviewed, may introduce such rulings upon questions of law, with sufficient evidence to point them, into his statement on appeal, or make a bill of exceptions as he proceeds, and in this manner have them reviewed on appeal from the judgment, thus obviating the expense of bringing up the evidence in a statement on motion for new trial. And, as it has long been the settled doctrine of this Court, that it will not balance conflicting evidence, or reverse a judgment on the ground of insufficiency of evidence, unless it is very clearly manifest that the evidence does not justify the verdict or findings, it is rarely useful to bring up the evidence, and the mode here suggested is ordinarily the better practice. Under the law as it now stands, it is still more rarely necessary, or proper, to bring up all the evidence, or even introduce all into a statement on motion for new trial. In a great majority of cases in which it is claimed, that the evidence is insufficient to support the verdict, the insufficiency relied on is confined to one or two points at most. The only contest in such cases is as to those points, and the statement should "specify the particulars in which such evidence is alleged to be insufficient" (Practice Act, Sec. 195), and the testimony introduced into

the statement should be confined to those points alone. "The statement shall contain so much of the evidence or reference thereto as may be necessary to explain the particular points specified, and no more." (Ib.) All testimony not bearing upon, illustrating, or obviating the objections specified, is irrelevant to the case made, and worse than a useless incumbrance of the record.

So, also, only such orders and rulings, and the facts necessary to explain the action of the Court below thereon, as the appellant desires to have reviewed, should be brought into the statement on appeal. Much less should a transcript be incumbered with them, when the appeal is from the judgment, where there is no statement on appeal. The practice often pursued by parties, or clerks—wherever the fault may be—of copying into the transcript all the orders and minutes of the Court below, is reprehensible in the extreme. It only involves parties in enormous expenses which are utterly useless, and imposes great labor on the appellate Court in endeavoring to ascertain what part of the transcript is really before it. The record now before us contains several hundred folios, at least, that should have no place in the transcript. We cannot consider it, now it is here. And the real question raised on the merits in the appellant's brief arises on that portion of the transcript, which, for reasons already stated, is not properly before us; and, judging from the size of the printed book constituting the transcript, the cost of this useless matter must have amounted to several hundred dollars, for all which the persons having the matter in charge, and not the law, are responsible.

Sometimes the party opposing a new trial, or the respondent on appeal, insists upon introducing a large amount of irrelevant matter into the record. In all cases of abuses of the kind referred to, when it is clearly manifest that irrelevant matter to any considerable extent has been introduced into the record upon the instance of either party, and the question is properly presented, we shall not hesitate to visit the party who insisted upon its introduction with the costs of that por-

tion of the transcript, whether he succeeds upon the merits of the case or not.

In the case of *Hutton* v. *Reed*, 25 Cal. 478, the case of *The Estate of James Boyd*, 25 Cal. 511, and in the present case, as well as some others, we have endeavored to indicate distinctly what we deem to be the correct practice in respect to new trials and appeals, in hopes that at no distant day a practice conforming in some degree to the spirit of our Practice Act may ·be attained. The general system prescribed seems to us to be simple, and we can see no reason for a practice so loose and diverse, as appears to prevail in many portions of the State.

Upon the judgment roll we find no error. The facts found are fully sufficient to support the judgment. It must, therefore, be affirmed.

Upon the second branch of the appeal, the question is, as to the power of the Court to extend the time to give notice of intention to move for a new trial. Due notice of the filing of the findings was given to appellant's counsel on the 18th of January, 1864. On the next day—January 19th—on application of appellant's counsel, made in open Court, in presence of defendant's counsel, the Court entered an order providing— among other things—that plaintiffs "have thirty days from date to prepare, serve and file the notice of motion to move for a new trial." This order, therefore, extends the time for serving and filing notice of motion till the 18th of February. On the 17th of February—within the time—the notice was served. The statement was served on the 20th, and filed on the 24th of the same month.

Section one hundred and ninety-five of the Practice Act, as amended in 1861, provides, that "The party intending to move for a new trial shall give notice of the same * * where the action has been tried by the Court, * * within ten days after receiving written notice of the filing of the findings of the Judge." (Laws 1861, page 590, Sec. 1.)

Section two of the same Act amends section five hundred and thirty of the Practice Act, relating to the time within

which an act is to be done, whereby it is—among other things—provided, that " When the act to be done relates to the pleadings in the action  *   *   *  or the service of notices other than of appeals, or the preparation of statements, or bills of exceptions or of amendments thereto, the time allowed by this Act may be extended upon good cause shown by the Court in which the action is pending;  *   *   *  but such extension shall not exceed thirty days beyond the time prescribed by this Act without the consent of the adverse party." (Ib., page 591, Section 2.)

These two amendments were made by the same Act. Section one hundred and ninety-five, as thus amended, gives the party, as an absolute right, ten days after receiving written notice of the filing of the findings by the Court, within which to serve his notice of intention to move for a new trial. And section five hundred and thirty authorizes the Court, upon good cause shown, to extend " the time allowed by this Act " for " the service of notices *other than of appeal*," provided that " such extension shall not exceed thirty days." There can be no doubt that this provision covers notices of intention to move for a new trial. " The time allowed by this Act " for " the service of notices " may be extended, and a special exception is made of notices " of appeal " only. *Expressio unius est exclusio alterius.* We can see no good reason, we confess, why this authority to extend the time for giving notice of intention to move for a new trial should be given, for it would in most, if not in all cases, be less trouble and inconvenience to give the notice than to procure an extension of time. But there can be no doubt that the power is given. Section one hundred and ninety-five was again amended in 1863, but in no respect affecting the question under consideration. Section five hundred and thirty has not been amended or expressly repealed. As it was not repugnant to section one hundred and ninety-five of the Act of 1861, it is not repugnant to that section as amended in 1863, and is, therefore, still in force. It follows that the Court did not exceed its authority in extending the time.

15

The law itself gave plaintiffs five days within which to file statement, after the service of notice of intention to move. On the 19th, before the expiration of five days after the service of notice, defendants' counsel stipulated, that plaintiff might have ten days from the 19th to prepare and file statement, reserving the right, however, to raise the objection that the lawful time had already expired. The statement was filed within this time. As, according to these views, the time for filing statement had not then expired, it follows that the subsequent filing was in time, and that the order dismissing plaintiffs' motion for new trial is erroneous and must be reversed.

In order to guard against a misconstruction of our opinion, we deem it proper to state here, that, we do not intend to be understood as intimating that the Court has authority under section five hundred and thirty to extend the time for filing statements on motion for new trial thirty days after giving the notice. The general terms of the section are, perhaps, broad enough to bear that construction, if that section contained the only restriction upon the subject; but it does not. Section one hundred and ninety-five, as amended in 1861, and also as amended in 1863, gives the party five days after giving notice as an absolute right within which to file statement, and then adds, " or within such further time, *not exceeding twenty days,* as the Court or Judge thereof may by order grant," etc. This is an express limitation as to the power of the Court, or Judge, in a section relating exclusively to a motion for new trial, and must prevail rather than the general provision in section five hundred and thirty. The general provision in section five hundred and thirty would have effect by referring it to statements on appeals, the exception in that section being limited to notices of appeal, and the reason of that exception, doubtless, was, that to allow an extension of time to file a notice of appeal would be virtually to allow the Court the power to extend the time for taking an appeal.

As to the third branch of the appeal, the judgment was entered on the 13th day of January, 1864. No statement on appeal was filed or served till the 12th and 15th of April, and

no order or stipulation for an extension of time was obtained. More than twenty days after the entry of judgment having elapsed before the filing of the statement, the plaintiffs must "be deemed to have waived their right thereto," under section three hundred and thirty-nine of the Practice Act. There was then no error in striking out the statement, and the order must be affirmed.

The only papers necessary to bring up for the purposes of the second appeal, were, the affidavit of Minor, notice, exhibits A, B, C, affidavit of Hart, order dismissing the motion, and exception thereon, extending from folio nine hundred and ten to nine hundred and thirty-nine, inclusive. These presented the entire question. There was no occasion to bring up the statement itself, as the only question, was, not as to *the sufficiency or character of the statement,* but as to whether or not *it was filed in time.*

It is ordered that the judgment appealed from be affirmed; that the order dismissing plaintiffs' motion for a new trial, dated April 5, 1864, be reversed, and the cause be remanded for further proceedings on the motion for new trial; and that the order striking from the files of the Court plaintiffs' statement on appeal made April 26, 1864, be affirmed. And it is further ordered that plaintiffs recover their costs of the order reversed, including the costs incurred for that portion of the transcript relating to the appeal from said order dismissing motion for new trial in the foregoing opinion specified, and extending from folio nine hundred and ten to folio nine hundred and thirty-nine, inclusive, and no more; and that the several parties pay their own costs accruing in this Court.

Mr. Justice RHODES, having been of counsel, did not participate in the decision of this case.