# WILLIAM KAVANAGH, MARY ANN KAVANAGH, AND JULIA TOBIN v. MATHEW MAUS.

STATEMENT ON APPEAL TO BE SERVED.—If the statement on appeal from a judgment is not served on the respondent's attorney until more than twenty days after the rendition of judgment, and no extension of time is obtained, a statement is waived, and the appellate Court cannot review any alleged errors, except such as appear in the judgment roll.

STATEMENT ON APPEAL TO BE AUTHENTICATED.—If no amendments to a statement on appeal are served on the appellant, it may be settled by the Judge without notice to the respondent, but it should be authenticated either by the certificate of the Judge or by the stipulation of the parties.

APPEAL from the District Court, Fourteenth Judicial District, Placer county.

Defendant had judgment in the Court below, and plaintiffs appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Jo. Hamilton*, for Appellants.

*Charles A. Tuttle*, for Respondent.

By the Court, SAWYER, J.

The appeal being from the judgment, a statement is necessary to enable this Court to review any error not appearing upon the judgment roll. The cause was tried and judgment rendered February 8th, 1865. The document in the record relied on by appellant as a statement on appeal appears to have been served on respondent's attorney March 30th, 1865, fifty days after the rendition of the judgment; and it does not appear that any extension of time was obtained. The law allows but twenty days, unless an extension be granted, within which to prepare and serve a statement on appeal; and provides, that "if a party shall omit to make a statement within the time above limited, he shall be deemed to have waived his right thereto." (Prac. Act, Sections 338, 339.) It was, therefore, not served in time. (*Harper* v. *Minor*, 27 Cal. 107.)

No amendments appear to have been served. Section three hundred and thirty-eight, as amended in 1863, provides that "if no amendments are served, the statement may be presented to the Judge for settlement without notice to the respondent," and when settled, section three hundred and forty-one prescribes the mode of authenticating the statement by the Judge, or by the parties. In this case it does not appear that the proposed statement was ever presented to the Judge for settlement, nor is it in any manner authenticated either by the Judge or the parties. Nor does the stipulation certifying the transcript, in terms or by implication, embrace the statement. For all of these reasons respondent insists, and we think correctly, that there is no statement on appeal of which the Court can take notice. The only errors discussed arise

upon rulings of the Court in the progress of the trial, excluding testimony, and as these rulings do not appear upon the judgment roll we cannot review them. Had the exceptions been settled during the progress of the trial, as provided in section one hundred eighty-eight, one hundred eighty-nine, and one hundred ninety, they would have been annexed to, and have formed a part of the judgment roll, and could thus have been reviewed on appeal from the judgment without a statement. But not having been so settled and filed, it was necessary to have them settled in a statement on motion for a new trial, or a statement on appeal. No error appearing on the judgment roll, the judgment must be affirmed, and it is so ordered.