## HENRY J. ABBOTT *v.* C. D. DOUGLASS.

REVIEW OF INTERLOCUTORY ORDERS.—Interlocutory orders made in the progress of a trial will not be reviewed in the appellate Court unless they are embodied in a statement or bill of exceptions.

ORDER STRIKING OUT ANSWER AFTER TRIAL.—If an answer is filed, raising an issue or issues, and a trial is had, and witnesses are sworn and examined, and the Court takes the case into consideration, it cannot then strike out the answer of the defendant and enter his default, and render judgment for plaintiff for the amount claimed in the complaint.

AN ANSWER STRICKEN OUT.—An answer, notwithstanding an order to strike it out, is still entitled to its place in the judgment roll.

APPEAL from the District Court, Seventh Judicial District, Mendocino County.

The defendant appealed.
The other facts are stated in the opinion of the Court.

*Delos Lake,* and *Robert F. Morrison,* for Appellant.

The only ground which the record discloses for the action of the Court was the *plaintiff's motion,* and we are left to search in vain for any *legal* reason why the answer of the defendant should have been thus unceremoniously stricken out, and thereupon a judgment passed against him by default.

*P. L. Edwards*, for Respondent.

All legal intendments are in favor of the judgment. It is to be presumed that there was a proper inquiry of damages, if in fact any was necessary, and that the judgment for want of an answer was properly taken. (*Johnson* v. *Sepulveda*, 5 Cal. 149 ; *Grewell* v. *Henderson*, 7 Cal. 290.)

By the Court, SHAFTER, J.

This is an action for false imprisonment. The defendant in his answer denies the allegations of the complaint *seriatim*, and states a special defense by way of justification. Both the complaint and the answer are verified. The defendant was defaulted, and thereupon judgment was rendered against him for three thousand dollars—the full amount claimed in the complaint.

There is a diversity of interlocutory orders and other entries in the transcript, showing in detail the movement of the cause in the Court below, and on which the appellant relies, in the main, to make out that the judgment is erroneous. But inasmuch as these entries are not embodied in a statement, they were, for that reason, improperly inserted in the transcript, and the respondent therefore very properly insists that the question of error is to be treated on the judgment roll alone. (*Magee* v. *The Mokelumne Hill Company*, 5 Cal. 258 ; *Hutton* v. *Reed*, 25 Cal. 478.)

The judgment is as follows : " In this case witnesses were sworn and examined for plaintiff and defendants. The Court, after due consideration, and being fully advised in the premises, ordered that the answer of C. D. Douglass, one of the defendants herein, be, and the same is hereby, stricken out ; and that thereupon the default of said Douglass be entered ; and the plaintiff, H. J. Abbott, have judgment against said defendant C. D. Douglass for the sum of three thousand dollars and his costs of suit as prayed for in the complaint."

The judgment then was upon default; and it appears by the

recitals that the case was prepared for an entry of a default by an order striking out the answer, actually filed. (*Drum* v. *Whitney*, 9 Cal. 422.) The question, then, comes upon the validity of that intermediate order. (Practice Act, Sec. 344.)

The grounds of the order are not disclosed in the judgment roll, nor do they appear anywhere in the miscellaneous matter contained in the transcript. But it appears from the recitals in the judgment: First, that witnesses were sworn and examined in the case for both parties, and that the Court after due consideration ordered the answer to be struck out. From the fact that witnesses were so sworn and examined, it is to be presumed that the case was being tried upon the merits; for under no possible state of facts would it be proper for a Court to permit witnesses to be sworn and examined in connection with a motion to strike out a pleading. Furthermore, the intendment that the question was raised on the trial of the action is fortified by the direct statement in the judgment that " witnesses were sworn and examined in the case." Now, upon what ground, if any, could the order have properly been made during the progress of the trial? If there be any, lying within the scope of legal conjecture, the order must be considered as having been properly made. It could not have been so made on the ground that the answer was not filed within the time limited by law, for if such was the fact, the plaintiff waived the objection by going to trial upon the merits. And, for the same reason, it could not have been properly made on the ground that the answer was not duly verified. And, furthermore, the verification appears to us to be free from objection. Neither can the order be vindicated on the ground that the answer was a " sham," or that it was frivolous, irrelevant, redundant or immaterial. The traverse which it contained of all the plaintiff's allegations is conclusive upon that question, and relieves us from the necessity of looking into the special defense. The grounds upon which an answer may be struck out are mainly defined in section fifty of the Practice Act, and we have already more than exhausted them.

It may be added, that if the Court in the course of the trial became satisfied that the order was fallacious as matter of law, or found, on the testimony adduced, that the allegations of the complaint were true and that the justification stated in the answer was false, the proper sequence, in either event, was not an order striking out the answer, but a judgment in chief for the plaintiff based upon a finding in his favor.

It is suggested for the respondent that the answer may have been stricken out on the ground that the plaintiff neglected to appear and testify in disobedience to a subpœna served upon him; or, that being called upon, he refused to be sworn; or, that being sworn, he refused to answer; or on the ground that being required to subscribe an affidavit or deposition, he refused to do so. (Practice Act, Sec. 409.) The answer is obvious. The statement in the judgment that "witnesses were sworn and examined in the case for both parties," and that "the Court, after due consideration and being fully advised in the premises, ordered," etc., excludes the idea that the order striking out the defendant's answer was made on the score of any personal neglect or any personal contumacy on his part. It appears by the record that the order was upon "consideration," and that the consideration was limited to the testimony adduced.

In discussing the question presented, we have referred familiarly to the answer. The answer, notwithstanding the order striking it out, is entitled to its position in the judgment roll. The phrase "struck out," as applied to a pleading, is figurative only. An order sustaining a demurrer to a pleading defeats or suspends for the time being its legal effect in the action, and a successful motion to strike out an answer does no more. In either event the pleading, as a document, remains in official custody, and, among others, for the purpose of ulterior proceedings in the Court that made the order, or for the purpose of handy review in the Court of errors. Further, the Practice Act requires peremptorily that whenever an answer has been put in that it shall constitute a part of the judgment roll, no matter how the Court may deal with it on

demurrer or on motion to strike out, or find, on trial, as to the truth of its averments.

The conclusion is that the judgment is erroneous; and for the reason that the order striking out the answer of the appellant cannot be right by any known legal possibility.

Judgment reversed and new trial ordered.

Mr. Justice SAWYER delivered the following dissenting opinion, in which Mr. Chief Justice SANDERSON concurred.

The appeal is from the judgment. There is no statement on appeal, and none of the grounds relied on by appellant to reverse the judgment are disclosed by the judgment roll. The answer of defendant, Douglass, having been stricken out by the Court, the judgment roll—in our opinion—consists of the complaint, the summons, proof of service, the entry of default, and a copy of the judgment. The other orders embraced in the transcript form no part of the judgment roll, and cannot be reviewed on this appeal. There is nothing to show upon what any of them were based, or the circumstances under which they were made. They properly constitute no part of the record on appeal. If the appellant desired to have any of these orders reviewed, he should have introduced them into the record on appeal by a statement, together with such other matters constituting a part of the proceedings as would enable this Court to determine whether there was error or not. (*Harper* v. *Minor*, 27 Cal. 107.) Had he made a statement, and omitted anything necessary to a full understanding of the grounds upon which the orders were made, the respondent would have had an opportunity to supply the defect by amendment. He has had no such opportunity. The order striking out the answer, and the grounds of the motion to strike out, should have been brought to the attention of the Court in the same manner. After the answer was stricken out, the document remained on the files as a part of the history of the case, but it was no longer, in legal contemplation, a pleading in the cause. There is nothing in the record

which shows the grounds upon which the order was based, and we cannot tell whether it was properly made or not. It may be that it was struck out under section four hundred and twenty of the Practice Act, for a refusal by defendant to attend and testify at the trial. The presumptions are all in favor of the correct action of the Court. The striking out of the answer, default and judgment were entered by the order of the Court, and the judgment recites that " witnesses were sworn and examined by plaintiff and defendants ;" so there must have been in fact some kind of trial. But this is not inconsistent with the idea that the answer was properly struck out. The course of proceedings on the trial may well have been as follows : The plaintiff may have introduced testimony proving his case and rested ; the defendant have presented his evidence and rested ; then plaintiff may have called the defendant as a witness on his behalf in rebuttal, and the defendant having failed, or refused to appear and testify, plaintiff may have produced his subpœna, proved due service, and upon the failure or refusal of defendant to appear and testify in pursuance of the command of the writ, have moved the Court to strike out his answer and enter judgment in his favor on that ground, which motion the Court may have granted. If this was in fact the course of proceeding, there was no error. And there is nothing in the recitals of the judgment, or in the judgment roll—whether the answer is regarded as a part of the roll or not—inconsistent with such a course of proceeding. If this was not the course of proceeding, or if there was in fact any error, there were three ways of bringing the error to the notice of this Court for review. The party might, at the time of the trial, have drawn up a bill of exceptions, stating that an answer had been filed ; the proceedings on the trial ; the circumstances attending, and the grounds of the motion ; the ruling of the Court striking out the answer and his exception, and had it settled, signed by the Judge, and filed it in the cause. The bill of exceptions embracing the answer by reference or otherwise, would thus, under the provisions of the Practice Act, have become a part of the judgment roll, and

would have presented the question.   Or, after the trial, appellant might have set out the same matter in a statement on motion for new trial, or a statement on appeal.   In either of these modes, the other party would have had an opportunity to introduce any matter favorable to himself, and had all the facts necessary to a correct adjudication of the question presented.   But, as the case now stands, the respondent has had no opportunity whatever to show that there was no error. And the facts necessary to enable us to determine whether there was error or not, are not before us.   In our opinion, the record—whether the answer is regarded as a part of the judgment roll or not—does not present the question sought to be raised, or affirmatively disclose error, and all presumptions are in favor of the ruling of the Court.

We see no error upon the judgment roll, and if there was any error in the proceedings, the appellant has failed to present it in such a form that we can review it.

There would seem to have been some negligence on the part of appellant.   The order in the transcript—though not properly in the record—appears on its face to have been entered at the July term, 1864, and it expressly gave appellant leave to move to restore the answer upon good cause shown, and stayed all proceedings till the next term to enable him to do so.   The next term was in November.   No motion appears to have been made, no statement on appeal prepared, and no action of any kind taken till January 17th of the next year, when this appeal was taken.

We think the judgment should be affirmed.

28   301
82   206

28   301
84   508

28   301
90   439

28   301
109   255

28   301
139   512