M. R. MILLER, Respondent, v. D. F. BEVERIDGE et al., Appellants.

### No. 1062; December 17, 1866.

**Appeal—Order on Motion for New Trial.**—On appeal the court will not consider a motion for a new trial as if denied, when no order to that effect was made, but rather one refusing the applicant leave to file a statement out of time and then dismissing the motion for lack of prosecution.

APPEAL from Seventh Judicial District, Solano County.

W. S. Wells and L. C. Hays for respondent; G. W. McMarty and J. Huckins for appellants.

SANDERSON, J.—This purports to be an appeal from the judgment and an order denying a motion for a new trial; but upon inspection of the record it appears that no such order was ever made. The only order ever made by the court after judgment, as counsel for appellants admit, was an order refusing them permission to file a statement on motion for a new trial after the time allowed for that purpose had expired and dismissing their motion for a new trial for the want of prosecution. From this order no appeal is taken, but the order is merely assigned as error upon the appeal from the judgment and an order denying a new trial which has no existence. Moreover, the transcript contains no statement upon appeal either agreed to by counsel or settled and certi-

fied as correct by the judge. It is true that there is an affidavit in the transcript upon which counsel say their motion was made; but it is not identified as such by the indorsement of the judge or clerk, without which it cannot be noticed by us. Counsel have therefore wholly failed to furnish us a record upon which we can reach the only error which they have assigned.

But we will add, for the satisfaction of counsel, that there would be nothing in their case upon their own showing if they had one here. The judgment was rendered on the 19th of January, 1866. The motion was made at the next term of the court in May, 1866. It was equivalent to a motion for an extension of time within which to file a statement on motion for new trial. Now, in no event can the court or judge extend the time two months and more. Even where the motion for an extension is regularly made before the expiration of the time allowed by the statute, he cannot extend it beyond twenty days: Practice Act, sec. 195, and Harper v. Minor, 27 Cal. 114.

Judgment affirmed.

We concur: Sawyer, J.; Rhodes, J.; Currey, C. J.; Shafter, J.