## L. M. WARDEN v. MENDOCINO COUNTY.

UNDERTAKING ON APPEAL.—No undertaking on appeal is necessary when the appeal is taken by a county.

DENYING NEW TRIAL.—An order dismissing a motion for a new trial is in effect denying a new trial.

BILL OF EXCEPTIONS.—If a bill of exceptions, made to an order dismissing a motion for a new trial, recites the giving of a notice and the different steps taken in prosecuting the motion, it will be received in the appellate Court as evidence of the facts recited, without including the notice, statement, etc., in the transcript.

AMENDMENTS TO STATEMENT.—A reasonable time to prepare and file amendments to a statement on motion for a new trial is five days.

RULE OF COURT.—The appellate Court will not presume what are the rules of the Court below when they are not in the record.

REASONABLE DILIGENCE IN MOVING FOR NEW TRIAL.—If the Judge who tried a cause goes to a county in his district not adjoining the one in which the case was tried, to hold Court, before the time for filing amendments to the statement on motion for new trial has expired, the moving party prosecutes the motion with due diligence if he brings the same to a hearing when the Judge returns or first holds Court in a county adjoining the one in which the case was tried.

APPEAL from the District Court, Seventh Judicial District, Mendocino County.

The facts are stated in the opinion of the Court.

*Thomas B. Bond*, for Appellant.

*George Cadwalader*, for Respondent.

By the Court, CURREY, C. J.:

The plaintiff, the Sheriff of Mendocino County, brought this action for fees alleged to be due him for services rendered in criminal cases in behalf of the county, extending over a period commencing in June, 1865, and ending in February, 1866. The defendant demurred to the complaint. The demurrer being overruled, an answer was filed meeting the allegations of the complaint either by direct denial or by matters in avoidance. The cause was tried on the 24th of July, 1866, before the Judge, without a jury, which resulted in a judgment for the plaintiff. The transcript of the record shows that, on the 16th of October, 1866, the Judge at Chambers in

Santa Rosa, Sonoma County, made an order "dismissing the defendant's motion for a new trial," on the ground of delay in bringing said motion to a hearing. Whereupon the defendant's attorney prepared, and procured to be settled and signed by the Judge, a bill of exceptions to the ruling and order dismissing the motion for a new trial, from which it appears that the cause was tried and judgment rendered against the defendant on the 24th of July, 1866 ; that written findings of the Court were filed and a notice thereof served on the defendant on the 23d of August, and that a notice of motion for a new trial in due form was made on the 1st of September. That the Court made an order granting to the defendant twenty days after service of notice of the findings, in which to file statement on motion for a new trial, which statement was filed on the 12th of September. That on the 13th of October the defendant gave notice to the plaintiff that he would apply to the Judge to settle the statement and thereupon move for a new trial. That no amendments to the statement were proposed, but instead the plaintiff moved to dismiss the motion, which as we have seen was granted, to which ruling the defendant excepted.

The defendant appealed from the judgment, and, as the notice expresses it, "from the order of the District Judge overruling defendant's motion for a new trial;" which, in fact, was a result accomplished by the order made.

The plaintiff has interposed an objection to this Court entertaining jurisdiction of the case, because no undertaking on appeal appears to have been executed. It is only necessary to say in respect to this objection, that the Act entitled "An Act concerning appeals in certain cases" is a complete answer to it. (Laws 1856, p. 26 ; *People* v. *Supervisors of Marin County*, 10 Cal. 346.)

It appears from the bill of exceptions, the object of which was to preserve an exception to the ruling of the Judge dismissing the motion for a new trial, that notice of the findings of the Court was served on the defendant on the 23d of August, and that within ten days thereafter a notice of motion

for a new trial on the part of the defendant was served on the plaintiff, and that within the time allowed by the Court after notice of the findings, the defendant prepared and filed a statement to be used on the motion for a new trial. No amendments were proposed to the statement, nor does it appear that the statement was agreed to by the plaintiff. The defendant's attorney, as the bill of exceptions shows, gave notice of his intention to apply to the Judge who tried the cause to settle the statement, and immediately thereafter moved the Judge to grant a new trial. The bill of exceptions, signed by the Judge, stating the facts to be as above set forth, must be regarded as evidence before this Court that the notice of motion for a new trial was given, and a statement to be used on such motion was prepared and filed in due time, and though neither the notice nor the statement is contained in the record before us, we must, upon the statement of the Judge contained in the bill of exceptions, presume them to have been in proper form.

The question which is presented upon the record is whether the order dismissing the application for a new trial can be sustained or must be reversed. All that is required on the part of the defendant in such cases is to prosecute the motion with due diligence. The statute does not specify the time within which amendments to a statement shall be prepared, nor the time within which the adverse party must agree to the statement prepared in case he does not choose to propose amendments thereto. But as the adverse party is allowed to propose amendments to the statement, he has by the practice of the Courts a reasonable time for the purpose, and we may well assume that he was reasonably entitled to the same time as the statute, independent of an order of the Court allowing further time, gives to the moving party to prepare and file a statement on his part, which is five days. (Prac. Act, Sec. 195.) Then the defendant could not have moved for a settlement of the statement by the Judge, before the 18th of September, at which time it must be intended the Judge was

holding the Solano County term of the District Court, which commenced on the third Monday of September of that year. The motion could not be made in the last named county for the reason that it did not adjoin Mendocino County. (Practice Act, Sec. 516.) Following the Solano County term was that of Napa County, which commenced on the first Monday of October, and because that county did not adjoin Mendocino the motion could not be made there. The earliest opportunity afforded the defendant to bring on the application for a new trial was on the 15th of October, when the District Court commenced its term in Sonoma County. The application was made as already stated on the 16th of the month last named, when it was dismissed on the plaintiff's motion, on the alleged ground of delay in bringing it to a hearing. The plaintiff's counsel undertakes to justify the action of the Judge in making the order of dismissal, on the ground that a rule of his Court required motions for a new trial to be brought to a hearing within thirty days after the trial of the cause. It does not appear from the transcript that there was such a rule, and it is not to be presumed there was, especially as a rule which in effect would operate to deny to a party a substantial right cannot be presumed to exist; and we may say if it was in evidence that there was such a rule, it could not be upheld; for rules of Court are adopted to subserve and facilitate the ends of justice, and not to frustrate and defeat rights which are conserved and protected by the law. The defendant, it seems, prosecuted his application for a new trial with all the diligence that was reasonable or practicable, and there was no just pretense for holding otherwise; if there was, we should not disturb the order on this account. As the order dismissing the motion for a new trial must be reversed, it is not necessary to express any opinion respecting the other questions raised on the part of the defendant. Such other questions are not difficult of solution, and it is the province of the District Court to pass upon them when the motion of a new trial may be made.

The order dismissing the motion for a new trial is reversed

and the cause is remanded, with directions to the Court below
to settle the statement and pass upon the motion for a new
trial.

Mr. Justice SANDERSON did not express any opinion.