Points decided.

# SETH H. WETHERBEE *v.* JOHN CARROLL, ARTHUR QUINN, AND HENRY L. DAVIS.

RECORD ON APPEAL FROM JUDGMENT.—On appeal from a judgment, without a statement, nothing belongs to the record except the judgment roll, and no question arising outside the roll can be considered.

IDEM.—The mode of presenting questions not arising on the judgment roll, for review on appeal, is by a statement on appeal.

EXCEPTIONS TAKEN AT TRIAL.—Exceptions taken and settled at the trial, as provided for in sections one hundred and eighty-eight, one hundred and eighty-nine, and one hundred and ninety of the Practice Act, form part of the judgment roll, and constitute part of the record on appeal from the judgment, on the roll alone. These are the only exceptions or bills of exceptions known to the Practice Act, except so far as a ruling and exception to it, presented by a statement made in the mode prescribed in that Act, may be regarded as a bill of exceptions.

IDEM.—At the settlement of an exception taken during the progress of the trial, both parties have the same opportunity for securing its correct presentation, as is afforded in settling a statement. The policy of the law is, that wherever there is a possibility that a partial record for presenting a point may be made, both parties shall have an opportunity to take part in settling it.

APPEAL FROM ORDER.—When an appeal from an order made on affidavits alone is taken, the appeal may be heard upon a record consisting of the order appealed from, and said affidavits identified in the mode prescribed by law.

IDEM.—When an appeal is from an order based on evidence alone, other than affidavits, or in connection with affidavits, the record on such appeal consists of an order appealed from, and a statement prepared and settled as in case of statements on appeal from judgments, containing so much of said evidence and affidavits as is necessary to present the points relied on.

GROUNDS FOR NEW TRIAL.—Certain grounds for new trial are required to be presented by affidavit, others by a statement; while the pleadings, depositions, documentary evidence on file, and the minutes of the Court, may be read on the hearing of the motion.

THE RECORD ON APPEAL FROM ORDER GRANTING OR REFUSING A NEW TRIAL.— The record on appeal from an order granting or refusing a new trial consists of the affidavits and statement upon which the motion was made, with such pleadings, depositions and minutes as were read and referred to, on the hearing, identified by the certificate of the Judge.

RECORD ON APPEAL FROM ORDER.—A record on appeal from an order made subsequent to final judgment, based on affidavits and other evidence, which does not contain a statement made and settled in the mode prescribed for the making and settling statements on appeals from final judgments, is unauthorized by law, and will not justify a review of the order appealed from on such other evidence.

STIPULATION AS TO TRANSCRIPT.—A stipulation signed by the parties "that the foregoing twenty-one pages constitute the transcript on appeal from the order, and contain true, full and correct copies of the affidavits referred to in the bill of exceptions, judgment, order, notice, bill of exceptions," etc., does not preclude respondents from denying the correctness or sufficiency of the bill of exceptions.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The bill of exceptions mentioned in the opinion of the Court is as follows, to wit:

" The order on the Sheriff to show cause, heretofore made, coming on to be heard before this Court, the plaintiff read his affidavit and the order to show cause based upon it; whereupon, the Sheriff, by his attorneys and counsel, Mr. R. H. Lloyd, representing the interests of Jonathan Peel, and Mr. S. W. Holladay representing the interests of David Fitzgibbon, came and showed cause by producing to the Court the affidavits of Henry L. Davis, H. D. Lammot, Jonathan Peel, Sr., Jonathan Peel, Jr., Michael Lynch and David Fitzgibbon, and also the deeds, therein referred to, from Michael Lynch to said Peel and to said Fitzgibbon; and also the judgment rolls in the two suits commenced by said Peel and Fitzgibbon in the Twelfth District Court, and referred to in the affidavit of Henry L. Davis, from which it appears that the first named suit (*Peel* v. *Carroll et al.*) was commenced on the 2d day of May, 1867, and the other was commenced the 25th day of April, 1867; that judgment by default was entered in each case. The foregoing constituting all showing made upon said order and application, and the matter having been submitted to the Court for decision on this 10th day of August, 1867, the Court made an order discharging said order to show cause, and refusing to direct the said Sheriff to proceed with the execution of the writ issued in this cause.

" To which decision the plaintiff duly excepted.

" Witness my hand this 10th day of August, 1867.

" E. D. SAWYER,<br>" District Judge.

" Filed August 13th, 1867."

The plaintiff appealed.

The other facts are sufficiently stated in the opinion of the Court.

*S. F. & L. Reynolds*, for Appellant.

Admit that the paper in the transcript, called a bill of exceptions, cannot be so considered, or that there is no authority for making a bill of exceptions in such a case, yet clearly it may be considered as a certificate of the Judge of what papers were used upon the motion. As such a certificate, it enumerates all the papers used upon the motion, and certifies that the papers in the transcript constitute all the showing made upon the order and application. But besides the certificate of the Judge, as to the papers used, the following certificate is annexed to the transcript filed with the Clerk of this Court, and signed by all of the attorneys for the different parties :

" We hereby certify that the foregoing twenty-one pages constitute the transcript on appeal from the order at folio 67, [order appealed from,] and contain true and full and correct copies of the affidavits referred to in the bill of exceptions on page 20, [foregoing bill of exceptions,] of the judgment entered in this cause, of the order to show cause also referred to in said bill of exceptions, and an order discharging the same, from which the appeal is taken, and the notice of appeal therefrom, and of the bill of exceptions filed in said cause in this matter. And we further certify that an undertaking on the appeal has been duly filed."

We therefore insist that the matter is properly before this Court to hear the appeal upon its merits. (*Haggin* v. *Clark*, 28 Cal. 162.)

*Sharp & Lloyd*, and *Patterson, Wallace & Stow*, for Respondents.

The transcript does not present the case in the method pointed out by the statute, under the rulings of this Court.

It is an appeal from an order made, not simply upon affidavits filed, but also upon other evidence. "The judgment rolls in the two suits commenced by said Peel and Fitzgibbon, in the Twelfth District Court," were read in evidence. In such case there must be a statement on appeal with a proper assignment of errors. (*Haggin* v. *Clark*, 28 Cal. 162.) A bill of exceptions (as attempted here) is not permitted by the statute, for such a bill is confined to proceedings had on the trial of a cause. (*Harper* v. *Minor*, 27 Cal. 110.)

By the Court, SAWYER, J. :

This is an appeal from an order denying a motion for an order requiring the Sheriff to execute a writ of restitution issued upon a judgment for the possession of land.

The respondents object that the order of the District Court cannot be reviewed on the record presented. And we are compelled to say again, that the methods prescribed by the Practice Act for presenting the order for review have not been pursued. The record may, and it may not, present the entire merits of the case, so that the respondent cannot be prejudiced. But, under the provisions of the statute, we cannot know that it does.

The statute authorizes appeals from final judgments, and appeals from various orders. And there are several modes of making a record for the purpose of presenting the action of the Court below for review, each mode being adapted to the peculiar exigencies of a particular class of cases, and calculated to enable each party to introduce into the record, in a direct, simple and authentic manner, all that is necessary to present his view without unnecessarily incumbering it. If we could only persuade ourselves to forget old terms and old modes of procedure, which, under our system, have become obsolete, and confine our attention to the Practice Act itself, it does seem as though we should encounter less difficulty. The abandonment of obsolete terms, which sug-

gest obsolete modes of procedure, and the adoption of the nomenclature of the Practice Act, would, doubtless, in some degree, tend to induce correct views of its provisions.

Firstly, as to appeals from the judgment. On these appeals there may, or may not, be a statement annexed to the judgment roll, as the parties may desire. The judgment roll itself is a record for an appeal, and there may be no occasion for anything further to present the question raised. But it has been settled from an early day, that on appeal from a judgment, without a statement, nothing is brought up, or is a part of the record on appeal, except the judgment roll; and no question, arising outside of the roll, can be considered. If any further record is required, it must be made in the form of a statement. Now, however, exceptions may be taken and settled at the trial in the mode prescribed by sections one hundred eighty-eight, one hundred eighty-nine and one hundred ninety. (See *Moore* v. *Del Valle*, 28 Cal. 174.) These, under section two hundred and three, are annexed to and form a part of the judgment roll, and therefore constitute a part of the record on appeal from the judgment on the judgment roll alone. They are the only exceptions, or bills of exceptions, known to our Practice Act, except so far as a ruling and exception to it, presented by a statement made in the mode prescribed by that Act, may be regarded as a bill of exceptions. (*Quivey* v. *Gambert*, 32 Cal. 304.) The reasons upon which this restriction of the cases for exceptions, and for the mode prescribed for taking and settling them, seem obvious enough. At the trial both parties are present, and in settling the exception can be heard. Each party can see that everything necessary to a presentation of the entire merits on both sides is introduced. " The objection shall be stated, with so much of the evidence or other matter as is necessary to explain it, but no more." (Sec. 190.) The parties have the same opportunity for securing a correct presentation of the exception as is afforded in settling a statement. The only other mode of making up

70

anything like, or answering to, a bill of exceptions, is, by a statement proposed in the manner prescribed by the Practice Act, in the preparation of which both parties are also heard. The policy of the Act, is, that wherever there is a possibility that a partial record, for presenting a point, may be made, both parties shall have an opportunity to take part in settling it. And the two modes prescribed—one by settling the exception during the progress of the trial, in the presence of both parties, and annexing it to the judgment roll; the other by a subsequent statement in the mode designated—afford an orderly and convenient mode of accomplishing that end. The latter mode is the one, and the only one, designated in all cases on appeal from an order, not made upon affidavits alone. (Sec. 343 and the five preceding sections.)

Secondly, as to appeals from orders : Proceedings resulting in orders are not ordinarily enrolled, and there is, consequently, no technical record. There is no record for an appeal except one made for the purpose in the mode prescribed. When an appeal is taken from an order made upon affidavits alone, the affidavits are filed, and, in making a record for the appeal, are attached to the order with the proper identification. In such cases there cannot well be a partial record, and the statute requires nothing more. But when made upon other evidence, either alone or in connection with affidavits, much of it often consists of documents not filed, judgment rolls and files in other cases, which are not, and cannot, be made a part of the files in the case heard. Questions of admissibility of evidence, etc., may arise. A convenient way of making so much of these as is necessary to present the legal points contested a part of the record on appeal is by statement, and that method is accordingly adopted, and no other is provided. (*Haggin* v. *Clark*, 28 Cal. 162. See, also, *Abbott* v. *Douglas*, 28 Cal. 299; *Hutton* v. *Reed*, 25 Cal. 479; *Harper* v. *Minor*, 27 Cal. 107, for the reasons for adopting this mode of making statements.)

. Certain grounds for new trial are required to be presented by affidavit, others by a statement. (Sec. 194.) The plead-

ings, depositions, documentary evidence on file and minutes of the Court may be read on the hearing of the motion. The record on appeal from the order granting or denying a new trial, consists of the affidavits and statement upon which the motion was made, in connection with such pleading, depositions and minutes as were read and referred to, identified by the certificate of the Judge. These several modes mentioned are all the methods provided for making a record on appeal in the ordinary proceedings authorized by the Practice Act. Each form is peculiarly adapted to the preparation, in a simple and direct mode, of an authentic record for the particular class of cases for which it is provided, which shall fairly present the exception taken and everything necessary to illustrate it.

And we think these several modes convenient and certain, and fully adequate to all the exigencies of proceedings on appeal. Other modes, especially when wholly or in part *ex parte*, are liable to, and often do, result in an imperfect or partial record. The statute has provided a uniform mode of procedure for each class of proceedings, and we are not authorized to recognize any other ; besides, it is extremely desirable that a uniform practice should be enforced. The present record is not in accordance with the method provided for the class of cases to which it belongs, or with any of the methods prescribed.

Although the so called bill of exceptions contains matter proper to be embodied in a properly prepared statement, it is not pretended that there is a statement on appeal. There are certain affidavits and exhibits, followed by what is termed a bill of exceptions, signed and sealed by the Judge. The bill of exceptions must necessarily have been made up, signed and sealed at some time subsequent to the making of the order from which the appeal is taken. It was probably made *ex parte*. At all events, nothing to the contrary appears, and, as there is no provision for such a document, there is none requiring it to be submitted to the other party. It recites that, upon the hearing of the order to show cause,

certain parties appeared ; that certain affidavits in the transcript, a certain deed and the judgment rolls in two certain other cases, not in the transcript, were read ; that certain facts appeared therefrom ; that, the matter having been submitted, the Court made an order discharging the order to show cause, and refusing to direct the Sheriff to proceed with the execution of the writ issued in this cause, and that the plaintiff excepted to the decision. As we have before seen, there is nothing. in our Practice Act authorizing a record on appeal to be made in this mode. The respondent had no part in it. The order was not made on affidavits alone, but, in part, upon other evidence, as shown by the bill of exceptions, so called, much of which is not in the record.

The questions may be fairly presented by the bill of exceptions. Yet portions of the record necessary to illustrate the respondent's view may be omitted. At all events, the exception, under the Practice Act, should have been presented in a statement, in the settlement of which the respondent was entitled to participate. We are not authorized to recognize a record not made in the mode prescribed, in the settlement of which the respondent had no opportunity to participate. The objection taken is not merely technical, but is substantial. Respondent has been deprived of a right which the law gives him. If we have at any time considered points presented by what was designated a bill of exceptions instead of a statement, as we have in one instance, at least, ( *Warden* v. *Mendocino Co.*, 32 Cal. 657,) it was because no objection was made on that ground. We ought, perhaps, to apologize for repeating in this case much that has so often been said before in other classes of appeals, but, as the mistakes continue to be repeated, we thought it desirable to present, in one connected view, the mode of proceeding in each class of appeals.

It is claimed, however, that the stipulation that the foregoing twenty-one pages constitute the transcript on appeal from the order, and contain true, full and correct copies of

the affidavits referred to in the bill of exceptions, judgment, order, notice, bill of exceptions filed in the case, etc., precludes respondent from denying the correctness or sufficiency of the bill of exceptions, etc.

We think not. The stipulation is but a substitute for the Clerk's certificate to the correctness of the transcript. It simply shows that this is a transcript of such record of the proceedings as has been, in fact, made in the Court below—such as it really is. The record itself may be sufficient or insufficient under the law to authorize the Court to review the action of the Court below. The stipulation in this case shows what the record in fact is—nothing more. It might, undoubtedly, have gone further, but it has not done so, and manifestly was not designed to do more than authenticate the transcript as a true copy of the record below. And that is the extent to which such stipulations usually go. When attorneys design to stipulate for anything further, they will doubtless do so in terms not to be misunderstood.

We are of the opinion that the order cannot be disturbed on this record. It is therefore affirmed.

Neither Mr. Chief Justice CURREY nor Mr. Justice SHAFTER expressed an opinion.