SETH H. WETHERBEE, Appellant, v. H. L. DAVIS et al., Respondents.

No. 1470; December 24, 1867.

**Appeal—Effect of Absence of Statement.**—One appealing from a judgment may bring his appeal on the judgment-roll with or without a statement as he may desire, but if without then nothing outside of the judgment-roll will be considered.

**Appeal—Judgment-roll.—Exceptions Taken at the Trial** and settled when taken, as prescribed by sections 188–190 of the Practice Act, are annexed to and become part of the judgment-roll, and on appeal on the judgment-roll will be considered.

**Appeal—Absence of Statement.—No Exception, Save Those Annexed** to the judgment-roll, will be considered on appeal, unless there is a statement in the preparation of which both parties were heard.

**Appeal—Necessity of Statement.—The Only Mode by Which an Order** of court, not made upon affidavits alone, can be brought up on appeal, so as to merit consideration, is by a statement made subsequently to the trial, both parties participating in and settling it.

**Appeal—Statement, What Does not Dispense With.**—Without regard to whether a stipulation to the effect that the foregoing so many pages constitute, etc., enumerating essential papers, precludes a respondent from denying the correctness of a bill of exceptions, etc., so referred to, such a stipulation does not dispense with the statement on appeal required by statute.

APPEAL from Fourth Judicial District, San Francisco County.

John Reynolds for appellant; R. H. Lloyd and S. W. Holladay for respondents.

SAWYER, J.—This is an appeal from an order denying a motion for an order requiring the sheriff to execute a writ of restitution issued upon a judgment for the possession of land.

The respondents object that the order of the district court cannot be reviewed on the record presented. And we are compelled to say again that the methods prescribed by the Practice Act for presenting the order for review have not been pursued. The record may, and it may not, present the entire merits of the case, so that the respondent cannot be

prejudiced. But, under the provisions of the statute, we cannot know that it does.

The statute authorizes appeals from final judgments, and appeals from various orders. And there are several modes of making a record for the purpose of presenting the action of the court below for review, each mode being adapted to the peculiar exigencies of a particular class of cases, and calculated to enable each party to introduce into the record in a direct, simple and authentic manner, all that is necessary to present his view, without unnecessarily encumbering it. If we could only persuade ourselves to forget old terms and old modes of procedure, which, under our system, have become obsolete, and confine our attention to the Practice Act itself, it does seem as though we should encounter less difficulty. The abandonment of obsolete terms, which suggest obsolete modes of procedure, and the adoption of the nomenclature of the Practice Act would, doubtless, in some degree, tend to induce correct views of its provisions.

Firstly, as to appeals from the judgment. On these appeals there may, or may not, be a statement annexed to the judgment-roll, as the parties may desire. The judgment-roll itself is a record for an appeal, and there may be no occasion for anything further to present the question raised. But it has been settled from an early day that on appeal from a judgment, without a statement, nothing is brought up, or is a part of the record on appeal, except the judgment-roll, and no question, arising outside of the roll, can be considered. If any further record is required, it must be made in the form of a statement. Now, however, exceptions may be taken and settled, at the trial, in the mode prescribed by sections 188, 189 and 190: See More v. Del Valle, 28 Cal. 174. These, under section 203, are annexed to, and form a part of the judgment-roll, and, therefore, constitute a part of the record on appeal from the judgment, on the judgment-roll alone. They are the only exceptions or bills of exceptions known to our Practice Act, except so far as a ruling and exception to it, presented by a statement made in the mode prescribed by that act, may be regarded as a bill of exceptions: Quivey v. Gambert, 32 Cal. 304. The reasons upon which this restriction of the cases for exceptions and for the mode prescribed for taking and settling them seem obvious enough.

At the trial both parties are present, and in settling the exceptions can be heard. Each party can see that everything necessary to a presentation of the entire merits on both sides is introduced. "The objection shall be stated, with so much of the evidence, or other matter, as is necessary to explain it, but no more": Sec. 190. The parties have the same opportunity for securing a correct presentation of the exception as is afforded in settling a statement. The only other mode of making up anything like or answering to a bill of exceptions is by a statement, proposed in the manner prescribed by the Practice Act, in the preparation of which both parties are also heard. The policy of the act is, that whenever there is a possibility that a partial record for presenting a point may be made, both parties shall have an opportunity to take part in settling it. And the two modes prescribed, one by settling the exception during the progress of the trial, in the presence of both parties, and annexing it to the judgment-roll, the other by a subsequent statement in the mode designated, afford an orderly and convenient mode of accomplishing that end. The latter mode is the one, and the only one, designated in all cases on appeal from an order, not made upon affidavits alone: Sec. 343, and the five preceding sections.

Secondly, as to appeals from orders. Proceedings resulting in order are not ordinarily enrolled, and there is, consequently, no technical record. There is no record for an appeal, except one made for the purpose in the mode prescribed. When an appeal is taken from an order made upon affidavits alone, the affidavits are filed, and, in making a record for the appeal, are attached to the order, with the proper identification. In such cases there cannot well be a partial record, and the statute requires nothing more. But, when made upon other evidence, either alone, or in connection with affidavits, much of it often consists of documents not filed—judgment-rolls and files in other cases, which are not, and cannot be made, a part of the files in the case heard. Questions of admissibility of evidence, etc., may arise. A convenient way of making so much of these as is necessary to present the legal points contested a part of the record on appeal is by statement, and that method is, accordingly, adopted, and no other is provided: Haggin v. Clark, 28 Cal. 162. See, also, Abbott v. Douglass, 28 Cal. 299; Hutton v.

Reed, 25 Cal. 479; Harper v. Minor, 27 Cal. 107, for the reasons for adopting this mode of making statements.

Certain grounds for new trial are required to be presented by affidavit, others by a statement: Sec. 194. The pleadings, depositions, documentary evidence on file and minutes of the court may be read on the hearing of the motion. The record on appeal from the order, granting or denying a new trial, consists of the affidavits and statement, upon which the motion was made, in connection with such pleadings, depositions and minutes, as were read and referred to, identified by the certificate of the judge. These several modes mentioned are all the methods provided for making a record on appeal in the ordinary proceedings, authorized by the Practice Act. Each form is peculiarly adapted to the preparation, in a simple and direct mode, of an authentic record for the particular class of cases for which it is provided, which shall fairly present the exception taken, and everything necessary to illustrate it.

And we think these several modes convenient and certain, and fully adequate to' all the exigencies of proceedings on appeal. Other modes, especially when wholly or in part ex parte, are liable to, and often do, result in an imperfect or partial record. The statute has provided a uniform mode of procedure for each class of proceedings, and we are not authorized to recognize any other; besides, it is extremely desirable that a uniform practice should be enforced. The present record is not in accordance with the method provided for the class of cases to which it belongs, or with any of the methods prescribed.

Although the bill of exceptions contains matter proper to be embodied in a properly prepared statement, it is not pretended that there is a statement on appeal. There are certain affidavits and exhibits, followed by what is termed a bill of exceptions, signed and sealed by the judge. The bill of exceptions must, necessarily, have been made up, signed and sealed, at some time subsequent to the making of the order from which the appeal is taken. It was probably made ex parte. At all events, nothing to the contrary appears; and as there is no provision for such a document, there is none requiring it to be submitted to the other party. It recites that, upon the hearing of the order to show cause, certain

parties appeared; that certain affidavits in the transcript, a certain deed and the judgment-rolls in two certain other cases, not in the transcript, were read; that certain facts appeared therefrom; that, the matter having been submitted, the court made an order, discharging the order to show cause, and refusing to direct the sheriff to proceed with the execution of the writ issued in this cause, and that the plaintiff excepted to the decision.  As we have before seen, there is nothing in our Practice Act authorizing a record on appeal to be made in this mode.  The respondent had no part in it.  The order was not made on affidavits alone, but, in part, upon other evidence, as shown by the bill of exceptions, so called, much of which is not in the record.

The questions may be fairly presented by the bill of exceptions.  Yet portions of the record necessary to illustrate the respondent's view may be omitted.  At all events, the exception, under the Practice Act, should have been presented in a statement, in the settlement of which the respondent was entitled to participate.  We are not authorized to recognize a record not made in the mode prescribed, in the settlement of which the respondent had no opportunity to participate.  The objection taken is not merely technical, but is substantial.  Respondent has been deprived of a right which the law gives him.  If we have at any time considered points presented by what was designated a bill of exceptions instead of a statement, as we have in one instance, at least (Warden v. Mendocino County, 32 Cal. 657), it was because no objection was made on that ground.  We ought, perhaps, to apologize for repeating in this case much that has so often been said before in other classes of appeals, but, as the mistakes continue to be repeated, we thought it desirable to present, in one connected view, the mode of proceeding in each class of appeals.

It is claimed, however, that the stipulation that the foregoing twenty-one pages constitute the transcript on appeal from the order and contain true, full and correct copies of the affidavits referred to in the bill of exceptions, judgment, order, notice, bill of exceptions filed in the case, etc., precludes respondents from denying the correctness or sufficiency of the bill of exceptions, etc.

We think not.  The stipulation is but a substitute for the clerk's certificate to the correctness of the transcript.  It

simply shows that this is a transcript of such record of the proceedings, as has been, in fact, made in the court below—such as it really is. The record itself may be sufficient, or insufficient, under the law, to authorize the court to review the action of the court below. The stipulation in this case shows what the record, in fact, is—nothing more. It might, undoubtedly, have gone further, but it has not done so and manifestly was not designed to do more, than authenticate the transcript as a true copy of the record below. And that is the extent to which such stipulations usually go. When attorneys design to stipulate for anything further, they will, doubtless, do so in terms not to be misunderstood.

We are of the opinion that the order cannot be disturbed on this record. It is, therefore, affirmed.

We concur: Rhodes, J.; Sanderson, J.