EDWARD GRAHAM, ADMINISTRATOR, APPELLANT, v.
NORA LINEHAN, ADMINISTRATRIX, RESPONDENT.

PRACTICE—NON-APPEALABLE ORDERS—BILL OF EXCEPTIONS.—Interlocutory
non-appealable orders in an action can not be reviewed on appeal with-
out being incorporated into a bill of exceptions, and brought up with the
judgment roll, and thus made a part of the record.
JUDGMENT ROLL—WHAT CONSTITUTES.—The papers constituting the judg-
ment roll are specified in section 221 of the civil practice act. Papers
not enumerated therein can not properly be inserted in the transcript, and
if placed there, can constitute no part of the record.
REVIEW ON JUDGMENT ROLL.—On appeal from a final judgment, if the
record contains no bill of exceptions or statement, the case must be re-
viewed and decided upon the judgment roll alone.

APPEAL from the second judicial district, Owyhee county.

*Edward Nugent,* for the appellant.

*R. Z. Johnson and Brumback & Cahalan,* for the respond-
ent.

BUCK, J., delivered the opinion; MORGAN, C. J., and
PRICKETT, J., concurring.

This action was commenced in the court below on certain
promissory notes and accounts. During the pendency of
the action both the original parties died and their repre-
sentatives were substituted for them. At the commence-
ment of the action a writ of attachment was issued and a
levy made under it on certain property of the defendant.
The lien of the writ was existing at the time of the death of
the defendant. The pleadings in the case are a complaint
and supplemental complaint on the part of the plaintiff, and
a demurrer on the part of the defendant. No answer was
filed in the case, and at the trial the defendant appeared in
court and stated that she had no defense to make. A part
of the supplemental complaint was stricken out on motion
of the defendant, but the record does not show the grounds
upon which the motion was granted. Decision was ren-
dered for the plaintiff, and a motion made in his behalf ask-
ing that judgment be so entered that the attachment lien
should continue and the property seized under the levy
should be applied to the payment of this judgment, to the

exclusion of other debts of the defendant deceased. The court overruled the motion, and judgment was entered under the ruling of the court, making the judgment payable in due course of administration. The appeal is taken from this final judgment for the purpose of so changing its character as to give it a preference over other debts of the deceased defendant.

No exception was taken to the order of the court overruling the motion of the plaintiff as to the character of the judgment, and the appellant relies for relief upon his appeal from the final judgment alone. No bill of exceptions or statement appears in the transcript, and the record furnished to the court consists simply of the judgment-roll. The transcript contains copies of the notice of motion to strike out a part of the supplemental complaint and the order granting the same. But these papers properly form no part of the judgment-roll, and being improperly within the transcript, must be treated as of no effect. (*Sutter* v. *San Francisco,* 36 Cal. 114; *Sharp* v. *Daugney,* 33 Id. 513.)

The order to strike out a part of a pleading is an interlocutory, non-appealable order, and to be reviewed on appeal should be incorporated into a bill of exceptions, and made a part of the record. (*Abbott* v. *Douglass,* 28 Cal. 295; *Dimick* v. *Campbell,* 31 Id. 240; *Morris* v. *Angle,* 42 Id. 240; *Freely* v. *Shirley,* 43 Id. 370; *Idaho World Printing Co.* v. *Geo. Ainslie, ante,* 641; *Harper* v. *Miner,* 27 Cal. 107; *Sutter* v. *San Francisco, supra; Wethered* v. *Carroll,* 33 Cal. 549.)

In the case at bar, there being no statement or bill of exceptions, the appeal must be decided on the judgment-roll alone. (*Wethered* v. *Carroll, supra; McAbee* v. *Randall,* 41 Cal. 137; *Douglass* v. *Dakin,* 46 Id. 49; *Karth* v. *Orth,* 10 Id. 193; *McGill* v. *Rainaldi,* 11 Id. 391.)

In the able and exhaustive brief submitted by the appellant, it is claimed that errors appearing in the judgment-roll may be corrected on appeal without a statement, and references to California decisions are made to sustain this theory. But in the California code bills of exceptions are incorporated in the judgment-roll, while in our code bills of exceptions do not form a part of the judgment-roll. In

California, any error appearing in the bill of exceptions could be corrected on appeal from the final judgment, because the errors appeared in the judgment-roll; but in the Idaho code, the errors which should appear in the bill of exceptions do not form a part of the judgment-roll, and therefore form no part of the record, unless the bill of exceptions is brought up with the judgment-roll. Section 448 of chapter 28 of our civil practice act provides that the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case upon which the appellant relies.

In our practice, then, the bill of exceptions does not necessarily come up on appeal, because it forms no part of the judgment-roll, while in the California practice it does.

In the case at bar, there is no bill of exceptions or statement, and looking to the judgment-roll alone, the judgment seems to be in strict conformity with section 142, chapter 6, of our probate practice act, and is, therefore, affirmed.